State v. Linney.

52  40
42a 613
52  40
103 208
52  40
115 424
52  40
136  83
52  40,
149 529

STATE OF MISSOURI, Respondent, vs. THOMAS LINNEY, Appellant.

1. *Practice, civil—Trials—Evidence—Order of, discretionary with court.*—The order and manner of introducing testimony is always a matter resting largely in the discretion of the Court.

2. *Criminal law—Homicide—Self defense no justification, when.*—A party who seeks and brings on a difficulty, cannot avail himself of the doctrine of self-defense, in order to shield himself from the consequences of killing his adversary, however imminent the danger in which he may have found himself in the progress of the affray.

3. *Criminal law—Homicide, cruel and unusual—Jury.*—What constitutes a cruel and unusual manner of killing, is properly left to the jury to determine.

4. *Verdict, modification of by the Court.*—When the jury assess an imprisonment for less term than the law allows, they may modify their verdict under the direction of the Court.

5. *Criminal law—Homicide—Time of counsel in addressing jury.*—The Court may limit the time of counsel in addressing a jury in a murder case.

*Appeal from Livingston Circuit Court.*

*J. E. Wait,* for Appellant.

I. The Law of Self Defense necessarily includes the right of attack, and the 5th instruction given for the State is erroneous. (State of Mo. vs. Sloan, 47 Mo., 604; see page 613; Rosc. Crim. Ev., cited and approved; Wharton's Crim., Law, 5th Rev. Ed., §§ 1026, 1027; State vs. Scott, 17 Mo. 521.)

II. The sixth instruction given for the State is erroneous. It is founded upon § 11, page 447, 1st Wagner Statutes, and fails to assign what would constitute a cruel and unusual manner, or to set forth any hypothesis of facts proven, which would guide the jury in determining what would be killing in a cruel and unusual manner. (See State vs. Pugh, 15 Mo., 509.) It is also misleading.

III. The Court erred in limiting the time of Counsel. This, in a Criminal Case, is in conflict with our Bill of Rights. (§ 18, Art., 1, Const. of Mo., Commonwealth vs. Word, 3 Leigh, 758.)

*James Shields,* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

We have scarcely ever examined a record of this length where the appellant had so little ground for reasonable complaint. The first objection relied on, that the court erred in

excluding a part of the conversation of a witness when it had admitted the balance, is not good. The question propounded to the witness in his cross-examination, and the testimony sought to be elicited, related to an entirely different transaction from what he had been previously testifying to, had no necessary connection or congruity with it, and was not a part of the same conversation.

There is nothing in the point that the Court permitted the State to introduce additional evidence after the defendant had closed his case. The defendant was again allowed to introduce evidence in rebuttal, and the order and manner of introducing testimony is always a matter largely resting in the discretion of the Court.

The instructions, which are numerous, taken as a whole, constitute a fair presentation of the law. The fifth given for the prosecution is the most strenuously opposed in this court, and that told the jury that the right of self defense does not include the right of attack, and that a party who seeks and brings on a difficulty cannot avail himself of the doctrine of self defense in order to shield himself from the consequences of killing his adversary, however imminent the danger in which he may have found himself in the progress of the affray. Nor in such case would the father be justified in killing the adversary of the son, provided the son had provoked and brought on the conflict in which the son was so placed in imminent danger during the progress thereof; provided always that the father knew that his son had sought or brought on the difficulty.

There is certainly no law to justify the proposition that a man may be the assailant and bring on an attack, and then claim exemption from the consequences of killing his adversary on the ground of self defense. While a man may act safely on appearances, and is not bound to wait till a blow is received, yet he cannot be the aggressor and then shield himself on the assumption that he was defending himself.

So in defending his family he may not do for them what he would not be warranted in doing for himself.

Exception is also taken to the sixth instruction, which declared that if the jury believed from the evidence, that the defendant, without a design to effect death, in the heat of passion, but in a cruel or unusual manner, shot and killed the deceased, but not under such circumstances as to constitute excusable or justifiable homicide, then he was guilty, etc. This instruction is drawn in the language of the statute, but it is contended that it was erroneous, because the court did not define what was a killing in a cruel or unusual manner. That, however, was a matter to be determined by the jury on the evidence before them. The question does not arise upon any allegation in the indictment, but springs wholly from the evidence. We know no standard by which the court could define what constitutes cruel or unusual killing. Every killing is generally cruel, and there is no definite or usual manner of performing the act that I am aware of. Therefore, it is a subject that must be left to the jury to be determined by the testimony in the case.

The action of the Court in reference to the verdict will not justify a reversal. The jury assessed the punishment at imprisonment for a less term than the law allows, and the court modified the verdict so as to make it legal, and the jury then presented the same as their verdict.

The court limited the time of counsel in addressing the jury, and it is argued that there was no right to place any restriction upon them. This question was formerly raised and decided by this court in favor of the ruling complained of, and we are not disposed to review the subject. Moreover, it does not appear that the counsel in this case did not have sufficient time. The power to limit and restrict the time might be abused, and a case might be presented in which this court would feel itself called upon to interfere.

Upon an inspection of the whole record, we think the defendant had a fair trial, and the judgment must therefore be affirmed.

The other judges concurring.