COMMONWEALTH *vs.* WILLIAM H. DEVLIN.

Middlesex.   January 3, 1879.   ENDICOTT, J., absent.

At the trial of an indictment for the murder of a woman, evidence that the defendant, who was her husband, caused her death by beating, stamping and jumping upon her person, and kicking her upon vital portions of her prostrate body, and that these acts were repeated at intervals during the day, by reason of which she suffered prolonged agony before death, will justify the jury in finding that the defendant was guilty of murder committed with extreme atrocity and cruelty, and consequently of murder in the first degree, under the Gen. Sts. c. 160, § 1.

INDICTMENT in two counts for the murder of Hannah Devlin, at Lowell, on December 8, 1877. The first count charged that the murder was caused by the defendant by beating, stamping and jumping upon the said Hannah. The second count alleged that the murder was caused by the defendant "in some way

and manner, and by some means, acts, instruments and weapons, to the jurors unknown."

At the trial before *Ames* and *Endicott*, JJ., evidence was offered tending to prove the truth of the charge contained in the first count of the indictment; and it was contended by the government that the crime was committed by the defendant with extreme atrocity and cruelty. In the charge to the jury, the court, among other things, instructed the jury as follows: " If upon the evidence you are convinced that the defendant caused the death of the deceased by inflicting severe and violent blows by stamping and jumping on her person, and kicking her while prostrate on the floor upon the head, neck, chest, sides and abdomen, and these acts were repeated at intervals during the afternoon and evening, by reason of which she received fatal injuries of which she finally died, after prolonged agony, it will be competent for you to find the defendant guilty of murder committed with extreme atrocity and cruelty, and consequently of murder in the first degree."

The jury returned a verdict of guilty of murder in the first degree; and, to so much of the charge as is above stated, the defendant alleged exceptions.

*W. B. Gale & W. H. Anderson*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

COLT, J.  The statutes of this Commonwealth, which define two degrees of murder, declare that, when " committed with extreme atrocity or cruelty," the crime is murder in the first degree.  It is for the jury to find the degree, when an issue of fact is joined at the trial, upon a plea of not guilty.  Gen Sts. c. 160, §§ 1, 3.  *Green* v. *Commonwealth*, 12 Allen, 155.

The question of degree was here submitted to the jury, and the only exception taken is to the instruction, that if, upon the evidence, the jury should find certain facts proved, it would be competent for them to find the defendant guilty of murder committed with extreme atrocity and cruelty, and therefore guilty of murder in the first degree.

There was no error in this instruction.  There was no attempt on the part of the court to define, as matter of law, what circumstances of enormity or aggravation, what acts of barbarity or torture, would amount to the required degree of criminality.

The jury were only told that it would be competent for them to find the defendant guilty in the first degree, upon proof of the facts stated; it was wholly left to them to find whether the facts stated were proved, and, if proved, whether they amounted to that extreme atrocity and cruelty which the statute requires, and which calls for the highest degree of punishment.

The crime of murder always implies atrocity and cruelty in the guilty party; but there are degrees of criminality in that respect, even in the felonious and malicious taking of human life; and, in order to justify a finding of murder in the first degree, it requires that something more than the ordinary incidents of the crime shall exist — something implying more than ordinary criminality, and manifesting a degree of atrocity or cruelty which must be considered as peculiar and extreme. The nature of the question is such that it must be largely left to the determination of the jury; and, when there is sufficient evidence to justify it, their finding must be conclusive.

In the case at bar, the jury were required by the instructions to be satisfied that the death was caused by stamping and jumping upon the person of a prostrate woman, and by blows and kicks inflicted with great violence, and repeated during the afternoon and evening, from which, after prolonged agony, she finally died. There can be no doubt that this presents a case of savage, unfeeling, and long continued brutality of purpose, which fully justified the jury in finding the defendant guilty of extreme atrocity and cruelty. Within the reasonable interpretation of the statute, such cruelty must be considered extreme, although it be possible to devise means of producing death which shall manifest a higher degree of criminality. It is enough if the means used were extreme as compared with ordinary means of producing death. *Commonwealth* v. *Desmarteau,* 16 Gray, 1.

*Exceptions overruled.*