(66 App. Div. 179.)

PEOPLE v. ELLIOTT.

(Supreme Court, Appellate Division, Third Department.   November 19, 1901.)

1. CRIMINAL LAW—PEREMPTORY CHALLENGE OF JUROR—TIME FOR MAKING.
    Where the record on appeal from a conviction shows that "S. was duly summoned, examined, and accepted by the district attorney and defendant as juror," and that before the jury was sworn, but after the members thereof had been accepted, the district attorney interposed a peremptory challenge to S., over defendant's objection, but fails to show on what ground the objection was based, there is no reversible error in allowing the challenge.

2. SAME—DECEASED WITNESS—TESTIMONY AT FORMER TRIAL.
    Under Code Civ. Proc. § 830, providing that when a witness has died his testimony may be given on a subsequent trial of the action between the same parties, evidence of a doctor since deceased, in a prosecution for rape, is admissible in a subsequent trial of the same action.
        Smith, J., dissenting.

Appeal from Chenango county court.

Frank P. Elliott was convicted of the crime of rape in the second degree, and appeals.   Affirmed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

John P. Wheeler, for appellant.

Wordsworth B. Matterson, Dist. Atty. (Eugene Clinton, of counsel), for the State.

KELLOGG, J.   This appeal is taken from a conviction of the crime of rape in the second degree.   The errors charged by the appellant are—First, the allowance by the court of a peremptory challenge of a juror by the people after the jurors had been accepted, but before they were sworn; second, a failure of the court to charge the jury in the exact language of a request; third, the admission of the evidence of a deceased witness given upon the first trial.

As to the peremptory challenge which was allowed to the district attorney, the record does not disclose whether the strict method

laid down by the Criminal Code had been pursued in the selection
of jurors. It does not show, as in the case of People v. McQuade,
110 N. Y. 284, 18 N. E. 156, 1 L. R. A. 273, that at any time the
counsel for the defendant had insisted that the Code provision should
be strictly pursued, viz.: "Challenges to an individual juror must
be taken first by the people and then by the defendant;" and the
trial court in that case held "that either side had a right to inter-
pose a peremptory challenge up to the very moment the juror was
sworn"; and, acting pursuant to such ruling, repeatedly permitted
the district attorney to challenge jurors peremptorily after defend-
ant had exercised his right to so challenge, and such rulings of
the trial court were all made over the strenuous objection of the
defendant. The court of appeals held that this was a clear error,
ignoring the plain provisions of the statute. If it can be said that
the error committed by the trial court in the McQuade Case was
committed on this trial, it must be regarded fatal here as there.
But every intendment and legal presumption must be against such
a fatal error which the facts appearing in the record and the ab-
sence of facts will permit. It appears from the record before us
that one "Frederick Scott was duly summoned, examined, and ac-
cepted by the district attorney and the defendant as the eleventh
juror." Then one other juror was examined, and accepted as the
twelfth juror, and before any of the jurors were sworn, and, so
far as it appears, before either side had exercised the right of any
peremptory challenge, the district attorney stated to the court that
since juror Scott had been accepted something had come to his
knowledge which at the time of acceptance he did not know, and
asked leave to interpose a peremptory challenge. "To this the
defendant's counsel objected, which objection was overruled by the
court, and an exception duly taken." This is all that the record
presents to us. Nowhere is it stated what was the ground of the
objection. Whether the ground was that it was in violation of the
statutory provision that "challenges to an individual juror must be
taken first by the people and then by the defendant" or not does
not appear. Nor do we learn from the record what was the method
pursued in the matter of challenges as to any other proposed juror,
or whether the ground was that the people had already exhausted
its peremptory challenges, or whether at any time the right to chal-
lenge peremptorily had been exercised by either party. It may
be that such right had been reserved by both parties, to be exer-
cised, in the discretion of the court, at any time before jurors were
sworn, as it lawfully might have been without violating any statu-
tory provision, if that had been the arrangement between the parties
or the practice adopted as to other jurors without dissent. The
ground of the objection was not disclosed. It appears to have
been withheld from the attention of the court. It does appear that
the usual practice of swearing in each juror as he was accepted by
both parties was not followed; and the fact that the oath was not
administered in that manner implies that each party had reserved
some right, to be exercised later on, before they were sworn. There
is no statute limiting the right to challenge at any time until after

jurors are sworn. If either party desires to stand upon the order in which challenges shall be made, it should be so indicated to the court. We cannot presume when each juror is not sworn when accepted that the statutory order in which challenges were in any given case exercised was insisted upon by defendant. If the defendant had stated the grounds of his objection, the district attorney might in this case have applied to the court to exercise its discretion, and have had the juror excused, as the Code provides may be done even after jurors are sworn. It was said respecting objections by Finch, J., in People v. Hughes, 137 N. Y. 37, 32 N. E. 1107, in a like case: "To hold otherwise would be to stray from the uniform rule that an objection must be sufficient to fairly call the attention of the court to the precise point to be decided,—must be specific." I think, therefore, that no error was committed by the learned trial court in allowing the challenge.

As to the second alleged error of the trial court in its charge on the subject of weight to be given to good character, there does not seem to have been error in this respect. When this case was in the court of appeals (People v. Elliott, 163 N. Y. 11, 57 N. E. 103) that court held that "defendant was entitled to have the jury distinctly instructed that good character will sometimes, of itself, create a doubt when without it none would exist." I think this rule was practically complied with in charging the three requests of the defendant. Taken together, I do not see how the jury could have failed to apprehend the court as meaning anything short of the proposition laid down by the court of appeals.

As to the third alleged error,—that of the admission of the testimony of Dr. Brooks,—it appears that Dr. Brooks, a witness upon the first trial, was deceased at the time of this trial, and his former testimony was given to the jury. I think in such a case section 830 of the Code of Civil Procedure is sufficient authority for the admission of such testimony. This section covers all "actions." It is not confined to "civil actions." Sections 3333, 3335, and 3336 of the Code of Civil Procedure defines what is meant by "action" in section 830, and clearly includes criminal actions.

I think the judgment of conviction should be affirmed.

EDWARDS and CHASE, JJ., concur. PARKER, P. J., concurs in result.

SMITH, J. (dissenting). After the eleventh juror was accepted by both parties, the district attorney was allowed to interpose a peremptory challenge, without stating any cause whatever therefor. If the defendant had a substantial right to require the people to interpose their challenges before he challenges or accepts, as it seems to be held in People v. McQuade, 110 N. Y. 284, 18 N. E. 156, 1 L. R. A. 273, I cannot see why that right has not been here violated. I read in the Code of Criminal Procedure no authority, after the acceptance of a juror both by the district attorney and the defendant, for any challenge except for good cause. The request of the district attorney was to interpose a peremptory chal-

lenge. This request was granted against the protest and objection of the defendant.

Nor should the defendant be deprived of his exception because his objection was not specific. The court was in no way misled. The request was for liberty to interpose a peremptory challenge. Howsoever specific the defendant might have been in this objection, the district attorney could not have altered his situation in any way so as to authorize the granting of that request. In People v. Hughes, 137 N. Y. 30, 32 N. E. 1105, the objection itself misled the court by conceding that the right to excuse the juror at the time it was asked was one in the discretion of the court. As, however, the objection interposed has in no way misled the court, and as, if made specific, it could not have been obviated by any facts that the district attorney could prove, the court erred in overruling the defendant's objection.