The People of the State of New York, Respondent,
*v.* Louis Lazar, Appellant.

(Argued March 16, 1936; decided April 15, 1936.)

28

*David F. Price* and *Joseph Weissman* for appellant.

*William F. X. Geoghan, District Attorney (Henry J. Walsh* of counsel), for respondent.

HUBBS, J. In the indictment the appellant is charged with the crime of murder in the first degree in the following language: "The defendant on August 12, 1933, in the County of Kings, wilfully, feloniously and of malice aforethought, shot and killed Morris Saskowitz, with a revolver."

The appellant made a written confession which was received in evidence in which he stated that in an attempt to compel the deceased to pay a claim, he assaulted the deceased by striking him on the head with the butt of

a revolver. The deceased seized a shovel with which to defend himself and in the affray the appellant shot the deceased without premeditation or deliberation; that he did not intend to shoot deceased when he assaulted him.

The case was submitted to the jury by the county judge upon two theories. The jury was told that it could find the defendant guilty of murder in the first degree if it found that he shot the deceased after deliberation and premeditation. It was also instructed that it could find him guilty of murder in the first degree if it found that he shot the deceased while engaged in committing a felony, *i. e.*, an assault in the second degree upon the deceased " even though without premeditation, without deliberation, without the intent to effect death."

The first ground submitted was fully justified by the evidence. The second ground submitted was entirely without justification in law and directly contrary to numerous decisions of this court. It is difficult to understand why trial judges in criminal cases continue to make the serious error disclosed by the record in this case in view of the fact that it has been repeatedly pointed out that such a charge absolutely requires a reversal of a conviction.

The record discloses that a clear question of fact was presented and that the finding of the jury would have been fully justified were it not for the serious error of the trial judge in charging upon the question of felony murder. In that part of the charge the court instructed the jury that if the appellant assaulted the deceased and during the affray he fired the shot which killed the deceased, he was guilty of murder in the first degree even though he had not fired the shot with a deliberate and premeditated design to kill. That is not the law of this State as evidenced by repeated decisions of this court. (*People* v. *Hüter*, 184 N. Y. 237; *People* v. *Spohr*, 206 N. Y. 516; *People* v. *Van Norman*, 231 N. Y. 454; *People* v. *Koerber*, 244 N. Y. 147; *People* v. *Wagner*, 245 N. Y.

143; *People* v. *Moran*, 246 N. Y. 100; *People* v. *Grieco*, 266 N. Y. 48.)

Not every intentional killing by means of a dangerous weapon constitutes the crime of murder in the first degree. Deliberation and premeditation are necessary elements of the crime except in those cases where the defendant is engaged at the time in the commission of an independent felony.

In the case of *People* v. *Hüter* (*supra*, p. 244) it was said: " In order, therefore, to constitute murder in the first degree by the unintentional killing of another while engaged in the commission of a felony, we think that while the violence may constitute a part of the homicide, yet the other elements constituting the felony in which he is engaged must be so distinct from that of the homicide as not to be an ingredient of the homicide, indictable therewith or convictable thereunder."

In the case at bar the jury might have found that the defendant while engaged in an assault in the second degree, killed the deceased without deliberation and premeditation. If so " the act becomes a constituent part of the homicide and is merged in the charge therefor." (*People* v. *Hüter*, *supra*.)

" The felony that eliminates the quality of the intent must be one that is independent of the homicide and of the assault merged therein, as, *e. g.*, robbery or larceny or burglary or rape." (*People* v. *Moran*, *supra*, p. 102.)

We are unable to determine from the record before us on what ground the jury found the defendant guilty. It may have decided that the shot was fired without deliberation and premeditation but that the defendant was guilty nevertheless of murder in the first degree because he was engaged in the commission of a felony, *e. g.*, assault in the second degree. On the other hand, it is possible that the jury decided that the shot was fired with intent to effect death after deliberation and premeditation.

The case was submitted to the jury on two distinct theories, one of which was basically wrong. We cannot speculate as to which theory it adopted. A person charged with the crime of murder has the absolute right to be tried in conformity with law.

The judgment of conviction should be reversed and a new trial ordered.

CRANE, Ch. J., LEHMAN, O'BRIEN, CROUCH, LOUGHRAN and FINCH, JJ.; concur.

Judgment of conviction reversed, etc.