The People of the State of New York, Respondent, *v.* Henry Vollmer, Appellant.

Argued June 1, 1949; decided July 19, 1949.

*Chandler S. Knight* for appellant. I. Defendant's guilt was not established beyond reasonable doubt. II. Admission in evidence of an information in a misdemeanor case occurring several years before was reversible error. (*People* v. *Davey,* 179 N. Y. 345; *People* v. *Wolf,* 183 N. Y. 464.) III. The trial court erred in charging that the jury might convict defendant of manslaughter in the first degree under subdivision 1 of section 1050 of the Penal Law. (*People* v. *Luscomb,* 292 N. Y. 390; *People* v. *Stacy,* 119 App. Div. 743.) IV. The trial court erred in charging that the jury might convict defendant of manslaughter in the first degree under subdivision 2 of section 1050 of the Penal Law. (*People* v. *Dinser,* 121 App. Div. 738.)

*Charles S. Tracy, District Attorney,* for respondent. I. The guilt of defendant was established beyond a reasonable doubt. II. The blows struck by defendant killed decedent. III. No reversible error was committed during the trial. (*People* v. *O'Neill,* 112 N. Y. 355; *Greenfield* v. *People,* 85 N. Y. 75; *Fox* v. *Matthiessen,* 156 N. Y. 691; *Ankersmit* v. *Tuch,* 114 N. Y. 51; *People* v. *De Garmo,* 179 N. Y. 130; *Potter* v. *Browne,* 197 N. Y. 288; *People* v. *Enright,* 221 App. Div. 26, 248 N. Y. 633.) IV. The trial court properly submitted to the jury the degrees of homicide of which defendant might be convicted. (*People* v. *Willson,* 109 N. Y. 345; *People* v. *Cooke,* 292 N. Y. 185; *People* v. *Radcliffe,* 232 N. Y. 249; *Caldwell* v. *New Jersey Steamboat Co.,* 47 N. Y. 282; *People* v. *McCallam,* 103 N. Y. 587; *People* v. *Heineman,* 211 N. Y. 475; *People* v. *Dillon,* 142 App. Div. 64, 204 N. Y. 678; *People* v. *Ronalds,* 259 App. Div. 1017; *People* v. *Campanaro,* 223 App. Div. 248, 249 N. Y. 545; *People* v. *Stacy,* 119 App. Div. 743, 192 N. Y. 577.)

DESMOND, J. Defendant, proprietor of an Amsterdam, New York, tavern, indicted for murder, second degree, was convicted of the crime of manslaughter, first degree, for the killing of Charles Amberger, a customer in the tavern. The Appellate Division, Third Department, affirmed the judgment, and its

Presiding Justice granted defendant a certificate permitting an appeal to this court.

The County Judge's charge told the jury that it might, if guilt had been shown beyond a reasonable doubt, convict defendant of murder in the second degree, manslaughter in the first degree, or **manslaughter** in the second degree. The jury's finding against defendant as to the second of those listed crimes necessarily meant, under the language of the court's charge and under the definition in section 1050 of the Penal Law, that defendant had killed Amberger: 1. While " engaged in committing, or attempting to commit, a misdemeanor, affecting the person or property, either of the person killed, or of another; or, 2. In the heat of passion, but in a cruel and unusual manner, or by means of a dangerous weapon.''

The record contains no proof that defendant was committing, or attempting, any such misdemeanor as the statute contemplates, nor does it contain any proof of a killing either in a " cruel and unusual manner ", or " by means of a dangerous weapon.'' The conviction, therefore, was unlawful.

1. The only misdemeanor defendant was committing, or attempting, was an assault on Amberger. But that was not a separate misdemeanor, but a component of, and merged into, the homicide on trial. *People* v. *Stacy* (192 N. Y. 577, affg. 119 App. Div. 743) in 1908, seems to have held to the contrary, but *People* v. *Stacy* (*supra*) though not mentioned in *People* v. *Grieco* (266 N. Y. 48 [1934]) was necessarily overruled thereby. *People* v. *Grieco* (*supra*) cannot be read except as holding that, when an assault results in death, the assault misdemeanor is merged in the manslaughter. Whatever else the majority opinion said in the *Grieco* case, the court did flatly announce that it had reached the conclusion " that the misdemeanor charge was merged in the charge of manslaughter in the first degree " (p. 54) and, if that were true as to the misdemeanor there proved against Grieco, it is, a fortiori, true here; furthermore, Judge O'Brien's dissenting opinion in the *Grieco* case (*supra,* p. 57) shows his realization that the *Stacy* case was being overruled on the question of merger. Finally, it should be noted that, a year later, in *People* v. *Lazar* (271 N. Y. 27, 29, 30) Judge Hubbs, who had written the *Grieco* majority opinion, cited it on behalf of a unanimous court, as

a holding that an assault which results in a homicide, is merged in the homicide. The *Lazar* opinion (*supra*) expresses also the unanimous view of the court that the rule as to merger should be, and is, the same in manslaughter, first degree, as in felony murder (Penal Law, § 1044, subd. 2; see *People* v. *Wagner*, 245 N. Y. 143, 148; *People* v. *Luscomb*, 292 N. Y. 390, 395, 396).

2. There was nothing " cruel and unusual " about this assault, in the sense that the statute used those words. No applicable New York decisions define that statutory phrase (see 1937 Report of N. Y. Law Revision Commission, p. 731 *et seq.*) and it must be read as the average intelligent man would read it. To be " cruel and unusual " the manner of commission of a homicide must have in it some aggravating element, something out of the ordinary, something shocking or barbaric (see *State* v. *Knoll*, 72 Kan. 237). Whatever be the limits of the phrase, it cannot be applied, we hold, to a case like this where a flurry of blows from defendant's fist sent the other man to the floor and to death.

3. Nor was there here any ground for a holding that Amberger was done to death " by means of a dangerous weapon." We agree with the Law Revision Commission's report, above cited, which, in a note at page 728, says that " extended discussion or citation of authority " is not needed to establish this point. When the Legislature talks of a " dangerous weapon ", it means something quite different from the bare fist of an ordinary man (see *People* v. *Adamkiewicz*, 298 N. Y. 176, construing Penal Law, § 1897; *Bean* v. *State*, 77 Okla. Cr. 73; *State* v. *Colvin*, 209 La. 257; *People* v. *Munn*, 65 Cal. 211).

Of various other alleged errors at the trial, we mention one only. It was plainly wrong to permit the prosecutor, after cross-examining defendant about his assault conviction some years before, to read to the jury the information in that other case, which contained most prejudicial matter (*People* v. *De Garmo*, 179 N. Y. 130, 135; *People* v. *Perry*, 277 N. Y. 460, 467; *People* v. *Rosenthal*, 289 N. Y. 482, 485, 486).

The judgments should be reversed and a new trial ordered.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DYE, FULD and BROMLEY, JJ., concur.

Judgments reversed, etc.