The People of the State of New York, Appellant, *v.* Leonard Peter Lee, Respondent.

Argued February 27, 1950; decided April 13, 1950.

*Edwin G. O'Connor, District Attorney* (*Sidney T. Hewes* of counsel), for appellant. The guilt of defendant was established beyond a reasonable doubt. (*State* v. *Knoll,* 72 Kan. 237.)

*Willard W. Cass* for respondent. The judgment convicting defendant of manslaughter in the first degree was properly reversed by the Appellate Division. The homicide was not committed in a cruel and unusual manner. (*People* v. *Vollmer,* 299 N. Y. 347.)

LOUGHRAN, Ch. J. After a trial in the Supreme Court of Chautauqua County, a jury on April 3, 1947, convicted the defendant of having killed Dorothy Ware in the heat of passion, but in a cruel and unusual manner. Such a homicide is manslaughter in the first degree (Penal Law, § 1050). On an appeal by the defendant, the conviction was reversed by the Appellate Division on the law, since in the opinion of that court, the People had failed to prove the defendant guilty of the crime charged. The order of reversal had the unanimous assent of the Appellate Division, but one of the justices gave the People a certificate upon which they brought the order here for review. (See Code Crim. Pro., § 520, subd. 3.)

A sufficient statement of the case appears in the brief of counsel for the defendant in these words: " The strongest facts and inferences against the defendant might show that the defendant and deceased began and continued drinking alcoholic intoxicants several hours before her death; that defendant slapped deceased several times before her death; that he knocked her down several times in and near the house where she died; that she might have fallen on any of several articles after defendant hit her including stove and sink; that she had three wounds, any one of which might have caused her death; that defendant weighed about one hundred pounds more than deceased; that the altercation lasted one half to three quarters of an hour; that indications of blood were found outside and inside the farm house."

Whether the evidence thus outlined warranted a finding by the jury of a homicide committed ": in a cruel and unusual manner " is the single question that we are called upon to decide. In support of its declaration of the failure of the People to prove a homicide of that kind, the Appellate Division cited *People* v. *Vollmer* (299 N. Y. 347).

In the *Vollmer* case (*supra*) the defendant was convicted of manslaughter in the first degree for having with his bare fist struck and thereby killed a customer in his tavern. The Trial Judge left to the jury these questions: (1) whether at the time of the homicide the defendant Vollmer was engaged in committing or attempting to commit a misdemeanor, affecting the person or property, either of the person killed or of another; (2) whether the killing was done in the heat of passion, but in a cruel and unusual manner; and (3) whether the killing was accomplished by means of a dangerous weapon. (See again Penal Law, § 1050.) In the *Vollmer* case, we reversed the conviction, because there was no proof of a killing done " in a cruel and unusual manner ", no proof of a killing " by means of a dangerous weapon ", nor any proof of the commission of any misdemeanor apart from the assault which had coalesced with the homicide. Our opinion in the *Vollmer* case reads in part as follows: (1) " When the Legislature talks of a ' dangerous weapon ', it means something quite different from the bare fist of an ordinary man". (2) " To be ' cruel and unusual ' the manner of commission of a homicide must have in it some aggravating element, something out of the ordinary, something shocking or barbaric (see *State* v. *Knoll,* 72 Kan. 237). Whatever be the limits of the phrase, it cannot be applied * * * to a case like this [the *Vollmer* case] where a flurry of blows from defendant's fist sent the other man to the floor and to death." (299 N. Y. 347, 350.)

The struggle between the present defendant and Dorothy Ware was neither hasty nor brief; it was no mere flurry of blows. Indeed, the fatal beating he inflicted upon her might well be found by a jury to have been cruel and inhuman in fact. Hence the submission of that phase of the issue to the jury was right. (See *People* v. *De Garmo,* 73 App. Div. 46, 52–53; *State* v. *Linney,* 52 Mo. 40; cf. *Commonwealth* v. *Devlin,* 126 Mass. 253; *Commonwealth* v. *Knowlton,* 265 Mass. 382.) No exception to

the charge which the Trial Judge gave to the jury was noted in behalf of the defendant and, that being so, the charge must be assumed by us to have been adequate (Code Crim. Pro., § 420-a). Of course, the voluntary intoxication of the defendant was no defense (Penal Law, § 1220). On the whole, then, we decide, as we are bound to do, that the jury's verdict did not blame the defendant unduly in any legal aspect.

The order of the Appellate Division should be reversed and the case remitted to that court for its determination of the facts in accordance with section 543-a of the Code of Criminal Procedure (see *People* v. *Kaye,* 295 N. Y. 9).

LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Order reversed, etc.