Louis Podesta, an Infant, by Anthony Podesta, His Guardian ad Litem, et al., Appellants, v. City of New York et al., Respondents.— Plaintiffs appeal from an order marking the above-entitled action off the General Calendar of the Supreme Court, Kings County, and directing that it be placed on a Deferred Calendar, not to be transferred therefrom to the Day Reserve Calendar before April 16, 1959. Plaintiffs also appeal from an order denying their motion denominated as one for "reargument and reconsideration". Orders affirmed, without costs. The motion denominated as one for "reargument and reconsideration" has been considered as one based upon facts subsequently presented under paragraph (6) of subdivision (bb) of rule 2 of the Kings County Supreme Court Rules. Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.

■

Margaret L. Pohl, Respondent, v. Elsa S. Zuckerman et al., Appellants.— In an action for an accounting and for other relief, the court, after trial, rendered judgment for $1,400 in favor of respondent against appellants. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ. [See *post*, p. 1060.]

■

The People of the State of New York, Respondent, v. Burton J. Kaplan, Appellant.— Appeal by defendant from a judgment of the County Court of Dutchess County, convicting him of the crime of criminally concealing and withholding stolen and wrongfully acquired property, in violation of section 1308 of the Penal Law, and sentencing him to serve a term of imprisonment. Judgment unanimously affirmed. Appellant contends, *inter alia,* that error was committed by the trial court during the impanelling of the jury. The procedure provided by section 385 of the Code of Criminal Procedure was not followed throughout the selection of the jurors. The record indicates, however, that the appellant's attorney acquiesced in the procedure adopted until he had exercised sixteen peremptory challenges and the District Attorney had exercised eight. Thereafter the attorney for the appellant objected to the District Attorney's excusing juror number 5. Apparently the juror had theretofore been excused, but it does not appear from the record when he was excused, or that any objection was made by the appellant's attorney at the time when the District Attorney interposed his peremptory challenge. After the objection was made, the court directed that the procedure provided by section 385 of the Code of Criminal Procedure be followed. Thereafter the District Attorney interposed, without objection, another peremptory challenge, and the selection of the jury was completed, apparently in the manner provided by the statute. The record indicates that until the objection was made the court understood that the right to challenge jurors had been reserved by both parties, as it lawfully might have been without violating any statutory provision. In the selection of jurors in a criminal action, if either party desires to stand on the order in which challenges shall be made, it should be so indicated to the court. We cannot presume, on the basis of the record presented, that appellant's attorney insisted on appellant's rights until the objection heretofore referred to was made, and after the incident specifically complained of had occurred. Thereafter his rights under the statute were accorded him. We find no error, therefore, in the incident complained of (*People* v. *Elliott,* 66 App. Div. 179, affd. 172 N. Y. 146), nor do we find any merit in appellant's other contentions on this appeal. Present — Nolan, P. J., Adel, Wenzel, MacCrate and Beldock, JJ.