Judgment of conviction reversed, on the law, and in the exercise of discretion, and a new trial directed. There are a number of matters suggested by the court’s charge to the jury which might have properly been made the subject of request or exception by defendant’s counsel. But no such request or exception was made. Normally, the court will not permit a defendant on appeal to take advantage of error or omission in the absence of request or exception (Code Crim. Pro., § 420-a; People v. Feld, 305 N. Y. 322, 332; People v. Lee, 300 N. Y. 422; cf. People v. Caverio, 1 N Y 2d 657, dissenting opinion by Fuld, J.), but where an omission from the charge, or a statement in the charge, may have contributed materially and improperly to the jury's finding, and there is danger, therefore, that defendant was not properly convicted, a new trial should be directed in the interests of justice. (Code Crim. Pro., § 527; People v. Van Zandt, 224 N. Y. 354.) Such danger is found in the present case. Important elements in the proof were the admissions made by defendant. These admissions, insofar as they were not culpatory, were not relevant to any issue of self-defense but rather to a defense of accidental killing or excusable homicide. Nevertheless, there was no instruction to the jury that they might so view the evidence, namely, that defendant knifed the deceased, as he admitted, but, as he also claimed in his extra-judicial admissions, only accidentally and with no intent to use the knife upon the person of the deceased. Request or not, defendant was entitled to such a charge. The court also charged on the weight of evidence of flight, and said it could be an important circumstance pointing to the guilt of the defendant. As a matter of fact, evidence of flight even if found to have occurred may have no precise weight or value assigned to it. It is rarely entitled to the great significance which the court attached to it in its charge (People v. Reddy, 261 N. Y. 479, 486; cf. People v. Leyra, 1 N Y 2d 199, 208-210).
Concur — Botein, P. J., Breitel, Frank, Valente and McNally, JJ.