Bergan, J.
In the selection of the jury, after both the People and defendant had exercised their peremptory challenges, the People were allowed over objection to exercise a peremptory challenge to a previously unchallenged juror and the juror thus challenged was excused by the court.
Section 385 of the Code of Criminal Procedure states expressly that a challenge to an individual juror ‘ ‘ must be taken first by the people and then by the defendant ”. The procedure followed by the court in allowing the People to exercise a peremptory challenge after the defendant had exercised the right to peremptory challenge and had accepted the juror is the only issue raised on this appeal.
It is difficult to see how the mere sequence of the challenges could make any real difference to the accused in most cases, and certainly not in this case. Although the statute prescribes the sequence in context with the word “ must ”, one would normally think that such an error would meet the condition of section 542 of the Code of Criminal Procedure as to technical errors and defects. But this court construed the requirement very strictly in 1888 in People v. McQuade (110 N. Y. 284) and with one exception, almost an aberration, has followed that strict construction ever since.
The court in McQuade had clearly in mind the mandate of section 542 to disregard technicalities (p. 291) but it was of opinion (per Andrews, J.) that the sequence involved a very important and historic right and concluded that the “ statute is peremptory, and violation of its provisions was a substantial, and not a mere technical error” (p. 295).
The precise problem came up again in 1934 in People v. Grieco (266 N. Y. 48) where the trial court permitted the People to excuse a juror who had previously been accepted both by People and defendant. The court held (opinion per Htjbbs, J.) that the “ ruling was in violation of the provisions of section 385 of the Code of Criminal Procedure and the decision of this court in the case of People v. McQuade ” (pp. 54-55).
*64 Judge O’Brien dissented in Grieco distinguishing McQuade on the ground defendant did not show how he had been prejudiced, and also distinguishing McQuade because the court had not considered there the point that had been argued in Grieco, i.e., that the trial court may in its discretion £ £ for good cause ” set aside a juror at any time before evidence is given under section 371 of the Code of Criminal Procedure.
This question was considered in People v. Hughes (137 N. Y. 29), as Judge O’Brien notes, but, turning to Hughes, one sees that the sequence provision of section 385 was not raised or considered. Grieco, then, must be regarded as following McQuade in 1934.
In People v. Elliott (66 App. Div. 179, affd. 172 N. Y. 146) the McQuade issue was raised, but the Appellate Division found (pp. 180-181) the question had not been preserved by proper objection to the procedure followed in selection of the jury, and this court did not discuss the question. The problem was considered in People v. Miles (143 N. Y. 383) but the court ruled that section 385 had not been violated.
A failure to object to the procedure followed was the ground for affirmance in 1968 in People v. Mancuso (22 N Y 2d 679), but the court’s memorandum .stated that “ it was error for the People to be allowed to peremptorily challenge a prospective juror after they had already indicated their satisfaction with the jury as thus impaneled and after the defendants had exercised their peremptories to the box (see People v. McQuade, 110 N. Y. 284; People v. Grieco, 266 N. Y. 48; Code Crim. Pro., § 385) ” (p. 680). The court seemed thus to continue to adhere to the McQuade rule.
The seeming “aberration” is People v. Williams (14 N Y 2d 948 [1964]). There the Appellate Division, although holding that it was error £ £ to direct the defendant to exercise peremptory challenges before the jury was declared satisfactory by the People ”, nevertheless held, since defendant had 20 challenges and had exercised only 6, there was £ ‘ no prejudice to the substantial rights ” of defendant (20 A D 2d 622). The judgment was affirmed here without opinion.
But when the articulated statements of the court since McQuade are placed in full context it is to be seen that the rule of that case has been consistently avowed and followed, •bio *65 strong policy reason suggests departure now from a rule which has thus been firmly reiterated.
The judgment should be reversed and a new trial ordered.
Chief Judge Fuld and Judges Burke, Scileppi, Breitel, Jasen and Gibson concur.
Judgment reversed, etc.