STATE EX REL. JACK RAUCH

*v.*

BERKELEY A. GAY, CHIEF MAGISTRATE

(No. 14542)

Decided July 17, 1981.

*Askin & Burke* and *Steven Askin* for plaintiff.

*Chauncey H. Browning*, Attorney General, *Gregory W. Bailey*, Deputy Attorney General, for defendant.

HARSHBARGER, CHIEF JUSTICE:

Rauch was convicted on two warrants by a Berkeley County magistrate court jury. His writ of habeas corpus was denied by the Circuit Court, from which order he appealed. A six-person jury was selected from a panel of eight prospective jurors. W. Va. Code, 50-5-8, mandates that "[a] magistrate court jury shall consist of six persons, to be selected from *a panel of ten persons*." (Emphasis added.)

Rules X.C.5 and X.D.5(a), Bench Book for the State of West Virginia Magistrate Court (1979), require:
Rule X.C.5:

> (a)  Two to five days prior to the trial, draw one at a time, and at random, *ten (10) names* from the juror box.
>
> . . .
>
> (c)  Contact each person whose name has been drawn and inform each juror of the date, time and place of the trial. If a person cannot be contacted, the name is set aside and another drawn *until ten jurors are secured to attend.*

Rule X.D.5(a):

> After *ten potential jurors* who are free from prejudice and qualify by law have been found, the prosecution has the right to strike one juror and the *defendant the right to strike three jurors from the panel.* The state exercises its right first, then the defendant makes his strikes. Rule 13(f)

Administrative Rule for the Magistrate Courts. This leaves six jurors to swear and these six are the panel by law which will try the case. Code § 50-5-8. (Emphasis added.)

These rules require a panel of ten qualified and unprejudiced persons from which six will be chosen, and defendant is entitled to three peremptory strikes.

> Although "[t]here is nothing in the Constitution of the United States which requires the Congress [or the states] grant peremptory challenges," *Stiltson v. United States*, 250 U.S. 583, 586, 40 S.Ct. 28, 63 L.Ed. 1154, 1156, nonetheless the challenge is "one of the most important of the rights secured to the accused," *Pointer v. United States*, 151 U.S. 396, 408, 14 S.Ct. 410, 38 L.Ed. 208, 214. The denial or impairment of the right is reversible error without a showing of prejudice, *Lewis v. United States*, 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 [other citations omitted]."
>
> *Swain v. Alabama,*
> 380 U.S. 202, 219,
> 85 S.Ct. 824,
> 13 L.Ed.2d 759 (1965).

*See also Dean v. State*, 46 Md. App. 536, 420 A.2d 288 (1980); *Armwood v. United States*, D.C.App., 373 A.2d 895 (1977); *People v. Shaw*, 237 C.A.2d 606, 47 Cal. Rptr. 96, (1965); *cert. denied*, 384 U.S. 964, 86 S.Ct. 1594, 16 L.Ed.2d 676; *People v. Williams*, 26 N.Y.2d 62, 308 N.Y.S.2d 373, 256 N.E.2d 532 (1970); *People v. Thomas*, 25 Mich. App. 213, 181 N.W.2d 328 (1970).

The government waived its right to exclude one juror, but this did not increase the number from which defendant could choose, to ten.

Code, 50-5-13 entitled defendant to appeal his conviction and receive a circuit court trial *de novo*; but he was entitled to a trial in magistrate court, for an offense over which the magistrate had jurisdiction and upon a warrant issued by a magistrate, if he chose. Code, 50-5-7; *State ex rel. Tate v. Bailey*, ____ W.Va. ____, 274 S.E.2d 519 (1981); *Meadows v. Holliday*, 164 W.Va. 397, 264 S.E.2d 461 (1980); *State ex rel.*

*Burdette v. Scott*, 163 W.Va. 705, 259 S.E.2d 626 (1979). That right is meaningless if substantial erroneous procedures that might occur in magistrate court only entitle defendant to appeal for a circuit court *de novo* trial that he would have been due even if he had received a perfect magistrate court trial.

Rauch did not lose in magistrate court. His trial violated his rights and his convictions are void. The matter is reversed and remanded to the circuit court to order a new trial. If Rauch chooses to have a properly conducted jury trial *in magistrate court,* he is entitled to that relief.

*Reversed and remanded.*