People v Robinson (2018 NY Slip Op 03731)





People v Robinson


2018 NY Slip Op 03731


Decided on May 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 24, 2018

Sweeny, J.P., Richter, Webber, Gesmer, Moulton, JJ.


6352 4695/09

[*1]The People of the State of New York, Respondent,
v
Davawn Robinson, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Mitchell J. Briskey of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Oliver McDonald of counsel), for respondent.



Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered August 15, 2012, convicting defendant, after a jury trial, of manslaughter in the second degree, and sentencing him to a term of 4 to 15 years, unanimously reversed, on the law, and the matter remanded for a new trial.
During jury selection, after the parties had questioned a round of prospective jurors, the court asked for challenges to the first 12 jurors seated in the jury box. The People challenged Ms. C. for cause, and the court denied the challenge; defense counsel made several cause challenges which the court also denied. The People then made a number of peremptory strikes, but did not challenge Ms. C. The court asked if the remaining jurors, among which was Ms. C., were acceptable, and the People answered, "Yes."
Defense counsel then began to exercise her peremptory challenges, striking several prospective jurors, who were seated both before and after Ms. C.'s position, but did not make a challenge to Ms. C. During that process, the People interrupted and stated that they had made a mistake, and sought to belatedly make a peremptory challenge to Ms. C. Defense counsel objected, and the court directed her to continue her challenges. After further jury selection and a lunch recess, the court permitted the People to belatedly exercise a peremptory challenge to Ms. C., and offered defense counsel the opportunity to "go through the whole list [of prospective jurors] starting from the beginning" and "change any" of their prior peremptory challenges. Counsel declined the court's proposed remedy, arguing that other than seating Ms. C. on the jury, the only appropriate remedy was a mistrial. The court denied that application.
On appeal, defendant argues that the court improperly permitted the People to exercise their belated peremptory challenge. At the outset, we reject the People's argument that defendant's current claim is unpreserved and waived. Defense counsel made a timely and specific objection when the People attempted to challenge Ms. C. Moreover, when the court decided to seat the juror, counsel promptly moved for a mistrial. Thus, the issue is fully preserved and properly before us.
On the merits, we believe that a reversal is warranted. The rules for selecting a jury are set forth in the Criminal Procedure Law. After questioning of the jurors is complete, each party, starting with the People, may challenge the jurors for cause (CPL 270.15[2]). After both parties have been given the opportunity to make cause challenges, the court must allow them to peremptorily challenge any remaining prospective juror (id.). "The [P]eople must exercise their peremptory challenges first and may not, after the defendant has exercised his peremptory challenges, make such a challenge to any remaining prospective juror who is then in the jury box" (id. [emphasis added]). Thus, "[i]n no event may the People exercise a peremptory challenge after the defendant has exercised his or her peremptory challenges" (People v Powell, 13 AD3d 975, 977 [3d Dept 2004], lv denied 4 NY3d 889 [2005]).
"The right of peremptory challenge given to an accused person is a substantial right," and [*2]the order in which peremptory challenges are made "is matter of substance" "intended for the benefit of the defendant" (People v McQuade, 110 NY 284, 292-294 [1888] [addressing similar predecessor statute]). The statute governing the order for peremptory challenges is not a "mere rule of procedure," but is "a right secured to the defendant" (id. at 295). The requirement that the People make peremptory challenges first "is imperative," and violation of that rule is "a substantial, and not a mere technical error" (id. at 292, 295; see People v Luciano, 10 NY3d 499, 504 [2008] [noting that the Court of Appeals has "strictly constru(ed)" the statutory language governing the order of peremptory challenges "without exception"]; People v Alston, 88 NY2d 519, 529 [1996] ["the one persistently protected and enunciated rule of jury selection (is) that the People make peremptory challenges first, and that they never be permitted to go back and challenge a juror accepted by the defense"]).
In People v Williams (26 NY2d 62 [1970]), after both parties had exercised peremptory challenges, the court allowed the People to make a peremptory challenge to a previously unchallenged juror. The Court of Appeals reversed the judgment of conviction and ordered a new trial, observing that the requirement that the People exercise peremptory challenges first has been construed "very strictly," and "has been consistently . . . followed" and "firmly reiterated" (id. at 63, 64-65). Similarly, the Court of Appeals affirmed a Second Department decision, for the reasons stated therein, that found reversible error where the trial court permitted the People to exercise a peremptory challenge after they had already completed their peremptory challenges, and while defendant was in the process of exercising his peremptory challenges (People v De Conto, 80 NY2d 943 [1992], affg 172 AD2d 684 [2d Dept 1991]).
The facts of this case are identical to those in De Conto. The People here had completed their peremptory challenges for the round, and expressly told the court that the remaining prospective jurors, including Ms. C., were acceptable. It was only while defense counsel was making her peremptory challenges that the People sought to belatedly challenge Ms. C. Under these circumstances, the court's decision to allow the challenge and excuse the juror constitutes reversible error (see De Conto, 80 NY2d at 943). Although the People contend that there was no bad faith in their belated request to exercise the peremptory challenge, CPL 270.15(2) does not contain an exception for good faith. Nor has the Court of Appeals recognized a good faith exception in its decisions strictly construing the statute.
We decline to follow People v Levy (194 AD2d 319 [1st Dept 1993], lv dismissed 82 NY3d 890 [1993]) and its progeny. Those decisions cannot be reconciled with the Court of Appeals' affirmance in De Conto and the principles consistently enunciated by settled Court of Appeals jurisprudence (see Luciano, Alston, Williams, McQuade).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 24, 2018
CLERK