Frederick M. Marshall, J.
The Grand Jury of Erie County returned indictments against the defendants charging them with the crime of abortion. Each of the counts in the indictments alleged that the abortion was committed by the use of certain instruments and substances upon, about and within the body and womb of a named individual. This is a motion on behalf of the defendants for an order granting the discovery and inspection and allowing the defendants or their attorneys and their experts to examine, take photographs and make tests of the instruments and substances which allegedly were used to procure a miscarriage.
The defendants state in the affidavit in support of this motion that the said instruments and substances are in the control and/or possession of the District Attorney of Erie County. The allegation is not refuted by the District Attorney.
The defendants state that a determination of whether the instruments and substances, which it is claimed that the defendants used in procuring the abortion alleged in the indictments, are capable of procuring such a result is of vital importance in the preparation of the defense of these actions and desire to have experts examine said instruments and substances for the purpose of making this determination. The defendants further state that if they are denied this opportunity of discovering and inspecting said instruments and substances they will be denied material evidence for their defense of the alleged crimes and that accordingly a failure of justice may result.
This motion is orally opposed by the District Attorney of Erie County (they have failed to file a brief) on the grounds that there is no statutory authority for the relief sought by the defendants and the defendants seek to learn of the People’s proof prior to trial.
There is no statutory authority for the granting of this relief ; however, there is ample case law supporting the defendants’ contention. The decisions of the courts exhibit a more liberal tendency to grant discovery and inspection where the exhibit *796 is one that may he received in evidence or where the exhibit is the subject of the charge or where a failure of justice may result.
Federal courts grant inspection and discovery by virtue of rule 16 of the Federal Rules of Criminal Procedure or as an inherent authority vested in the Federal courts (United States v. Garrison, 168 F. Supp. 622). Many of our sister States have adopted similar rules. Very few States deny inspection of physical evidence. There is no logical reason nor any purpose served in denying to a defendant inspection and discovery of those physical items of evidence not subject to damage or alteration.
Where it appears that there is evidence in the possession or control of the District Attorney that may aid in the speedier trial of the case without damage or prejudice to the prosecution, a right sense of justice decrees that it should be available for discovery and inspection.
It would be difficult, if not impossible, to enunciate a particular and definitive concept or controlling criteria applicable to all cases. Suffice it to say that justice should be the primary consideration in each case, justice which will serve the accused and not prejudice the .rights of the prosecution.
In deciding where the justice lies in any individual case there should be considered, among other things, the specific purpose for which the accused seeks discovery and inspection, his likelihood of being able to inform his counsel of its character and capabilities, whether the physical evidence tends to exculpate him, the danger of giving the accused the opportunity to tailor a defense and whether or not the request is for obviously exploratory purposes. The courts in this and other jurisdiction's have indicated a trend to pretrial discovery and inspection in criminal cases. (People v. Terzani, 149 Misc. 818; Matter of Hughes v. Kings County Ct., 181 Misc. 668.) Where there is evidence in the possession or control of the prosecution which is of such a nature that may require lengthy inspection and examination by experts to determine whether it is favorable to the accused, the court will afford to the accused an adequate opportunity, pretrial, to examine the evidence in the interest of justice and to avoid delay at the trial. Such a policy is a logical corollary of the doctrine of People v. Walsh (262 N. Y. 140) and is applicable to those specific cases in which the opportunity for the inspection and examination by the defendant of the prosecution evidence at the trial would be inadequate.
To be considered in the conduct of a criminal trial are the “ fundamental requirements of fairness ” to which a defendant is entitled and included among these requirements is the right *797 of a defendant to properly and adequately prepare his defense. (Roviaro v. United States, 353 U. S. 53.)
The court, by proceeding upon the basis of the facts in each case, can determine whether directing pretrial disclosure will further the ends of justice. These ends would be furthered, for instance, where the court finds, on balance, and upon a satisfactory showing by defendants that granting the relief would aid the trier of the facts in making a more accurate determination of the facts in issue or that the relief is necessary from fundamental requirements of fairness.
In the interest of justice and in the discretion of this court, the motion for discovery and inspection is granted to the limited extent of permitting defendants or their experts visually to examine the said instruments and/or substances.