William F. Christiana, J.
Defendants have been jointly indicted and await trial for the crime of robbery first degree. Counsel for defendant Graziano moves (1) for a severance and a separate trial pursuant to section 391 of the Code of Criminal Procedure and (2) “ for an order directing the District Attorney to furnish counsel with copies of any statements made by witnesses whom the prosecution intends to call on behalf of the People upon the trial of this indictment ”.
No adequate basis for granting a separate trial is found and the application is accordingly denied.
In support of his demand for copies of the aforesaid statements, the moving defendant cites People v. Rosario (9 N Y 2d 286) and People v. Malinsky (15 N Y 2d 86).
This court does not construe those decisions so broadly. Under the rulings in Rosario and Malinsky (supra) as here conceived, the prosecution is compelled to deliver copies of pretrial statements to defense counsel for use on cross-examination after a witness has testified for the prosecution on a trial or a hearing, and then, only if their contents relate to the subject matter of such witness ’ testimony and contain nothing that must be held confidential. Thus, in the Rosario opinion (supra, p. 289) the Court of Appeals, speaking through Judge Fuld, used this instructive language:
‘ ‘ The United States Supreme Court has held that a defendant ‘ is entitled to inspect ’ any statement made by the Government ’s witness which bears on the subject matter of the witness’ testimony (see Jencks v. United States, 353 U. S. 657, 667, 668), whereas in New York we have allowed the defendant to see and use the statement only if it contains matter which is inconsistent with the testimony given by the witness from the stand. (See People v. Walsh, 262 N. Y. 140, 149; People v. Schainuck, 286 *937 N. Y. 161; People v. Dales, 309 N. Y. 97; People v. Bai, 7 N Y 2d 152, 155.)
“ The procedure to be followed turns largely on policy considerations, and upon further study and reflection this court is persuaded that a right sense of justice entitles the defense to examine a witness’ prior statement, whether or not it varies from his testimony on the stand. As long as the statement relates to the subject matter of the witness’ testimony and contains nothing that must be kept confidential, defense counsel should be allowed to determine for themselves the use to be made of it on cross-examination. (Cf. U. S. Code, tit. 18, § 3500.) ” (Emphasis supplied.)
Nothing contained in the Malinsky case, as interpreted by this court, broadened the rule laid down in Rosario. In fact, Malinsky seems merely to reiterate the procedure to be observed be it on a trial or at a hearing. The court said (p. 90): “ We made it unmistakably clear in People v. Rosario (9 N Y 2d 286) that defense counsel must be permitted to examine a witness’ prior statement, whether or not it differs from his testimony on the stand, and to decide for themselves the use to be made of it on cross-examination, provided only that the statement ‘ relates to the subject matter of the witness’ testimony and contains nothing that must be kept confidential ’ (p. 289). And, obviously, it matters not whether the witness is testifying upon a trial or at a hearing.”
It seems exceedingly evident from the excerpts quoted above that neither Rosario nor Malinsky supplies an authority for what defendant Graziano here seeks. To grant such permission could raise havoc with criminal investigations, perhaps violate the secrecy of the Grand Jury, force the District Attorney to decide well in advance of trial what witnesses he intends to use, as well as afford an unlimited and uncontrolled excursion into the file of each and every person indicted by a Grand Jury prior to the trial of an indictment. Certainly, this was never intended and unless and until overruled by superior authority, this court holds that the District Attorney is not compelled to furnish copies of statements obtained from any source until a witness has actually been sworn for the prosecution on a trial or hearing and testified.
Counsel for defendant argues that if defense attorneys are compelled to postpone inspection of statements of prosecution witnesses until after they have testified, the time intervals consumed in making comparisons will result in protracted delays on jury trials. Perhaps so, but myriads of unpredictable situations can and will necessarily cause intermittent interruptions in the progress of any criminal litigation until it is finally submitted
*938 to a jury. For example, under the recent dictates contained in People v. Huntley (15 N Y 2d 72) should the prosecution offer to prove an alleged confession, the trial court must now independently rule upon its volition prior to its submission to the jury which is adjudicating the guilt or innocence of a defendant. This innovation in trial practice, as well as others recently established, may frequently result in a more time-consuming jury trial than formerly. However, where the life or liberty of an accused is at stake, the length of a trial should be minimal consideration.
The motion is in all respects denied.