Martin M. Kolbrener, J.
Defendant, charged with feloniously selling a narcotic drug, moves in two motions, first, to inspect the Grand Jury minutes and dismiss the indictment, and second, for “pretrial discovery and inspection ” of an envelope allegedly containing marijuana, the marijuana itself, and the laboratory analysis and report concerning the marijuana.
As to the motion to inspect the Grand Jury minutes, the court has read the minutes of the testimony before the Grand Jury, and is satisfied that the testimony is sufficient to sustain the indictment (Code Crim. Pro., § 251).
Regarding the motion for pretrial discovery and inspection, the defendant contends that it is necessary for his defense that the alleged drug be submitted to analysis by a chemist who will testify for the defense.
The People oppose, contending that there is no statutory provision for pretrial discovery and inspection of evidence, and although “ some judges have been granting such relief ” that such a determination is properly for the appellate courts.
Neither side has offered any law to sustain the contentions. There has been, however, some tendency to grant pretrial discovery and inspection in specific instances (People v. Miller, 42 Misc 2d 794; Pre-Trial Disclosure in Criminal Cases, 60 Yale L. J. 626; People v. Stokes, 24 Misc 2d 755).
*1025 The granting of these motions is discretionary when the interests of justice will be served.
This case is such an instance, since the determination of the chemical composition of the substance purported to be a narcotic may determine the outcome of the case.
The tests to be conducted by the defense, however, must be conducted under the supervision of the police laboratory and chemists, and the purported narcotics may not be removed from police custody.
In any event, the laboratory analysis made by the People and the report of the police chemist are items of evidence to be relied upon by the prosecution, and are not the proper subject of a discovery and inspection.
It is therefore
Obdebed, that the motion to inspect the Grand Jury minutes and dismiss the indictment is denied, and the motion for discovery and inspection is denied, except that the defense may conduct its own chemical analysis of the alleged narcotic drug under the supervision and on the premises of the police laboratory.