Joseph H. Gellert, J.
The defendant in this case is charged with possession of book-making or pool selling records, a violation of section 986-b of the Penal Law. Defendant moves for the filing of a bill of particulars. The items numbered “ 1 ” and “2” of defendant’s motion, demanding to know the time and place of the said violation have been answered fully by the Assistant District Attorney in his answering affidavit and, the issue being thus rendered moot, it will not be considered in this opinion.
In item “ 3 ” defendant requests a photocopy of such documents as were found by the arresting police officer which contain thereon the alleged gambling records.
In item “4” defendant demands that the People produce the name of the recorder of the alleged gambling records.
The People resist the motion, contending that the aforementioned writings and name fall within the categories of “ discovery ” traditionally denied defendants in criminal prosecutions.
The People rely upon the landmark case of People ex rel. Lemon v. Supreme Court (245 N. Y. 24) and the recent eases of People v. Torres (46 Misc 2d 264) and People v. Boldan (42 Misc 2d 501).
As to the demand for a photocopy of the records, this court feels that the cases cited in opposition to the motion are distinguishable from the case at bar. The language in Lemon (supra, p. 29) cited as decisive of this entire motion by the People, namely: “ Documents are not subject to inspection for the mere reason that they will be useful in supplying a clue whereby evidence can be gathered ”, must be read in context. The very next sentence of Chief Judge Cabdozo’s opinion reads: “ Documents to be subject to inspection must be evidence themselves ”.
Therein lies the distinction. No case emphasizes the difference with more clarity than People v. Boldan (supra) cited by the *606 People. There, a bill of particulars on the issue of whether the District Attorney intended to present a confession was denied. However, as to articles of clothing worn by defendant which were confiscated by the police, an inspection was granted to the defendant.
Thus, where defendant moved for the examination of a tangible article in the possession of the People, where that item had been taken from defendant as incidental to the crime alleged, a bill of particulars and inspection were granted.
The case of People v. Miller (42 Misc 2d 794, 795-796) states the emerging rule: There is no statutory authority for the granting of this relief [therein, inspection of instruments used in an abortion], however, there is ample case law supporting the defendants ’ contention. The decisions of the courts exhibit a more liberal tendency to grant discovery and inspection where the exhibit is one that may be received in evidence or where the exhibit is the subject of the charge or where a failure of justice may result ’ ’.
The recent case of People v. Perrell (47 Misc 2d 1024) allowed defendant to inspect certain narcotics taken from him by the police but denied him the right to inspect police analysis reports of the same narcotics. Thus the traditional discovery boundaries are kept by denying what is analogous to an attorney’s work product in civil cases, while allowing, in the interests of justice, an inspection of a tangible, competent evidentiary item taken from defendant as an incident to the crime charged.
A fortiori if the article or item held by the People fulfills the above qualifications for discovery and is also the essence or subject matter of the crime charged, and the lack of possession of the article would constitute no crime, inspection of such articles should be made available to the defendant.
As to the alleged gambling records, defendant may obtain a photocopy as demanded, and may verify its authenticity by a reasonable inspection of the original documents under police supervision at such time and place as shall be mutually agreed.
Despite the candor of the Assistant District Attorney in his answering affidavit to the effect that the name sought to be disclosed is unknown, the propriety of this demand will be decided herein. It is apparent to this court that the name, if known to the People, would be unreachable by defendant. A name learned by the People falls within the same general category as a statement given the prosecutor by witnesses to a crime (see People ex rel. Lemon v. Supreme Court, supra). In the reply affidavit of defendant’s attorney, it is shown that the Court of Appeals in People v. Koenig (34 Misc 2d 711. *607 affd. 12 N Y 2d 248), has required that an alleged book-maker must be shown to have made such a record, or caused it to be made, to uphold a conviction under section 986-b of the Penal Law. While this may be a court-imposed element of the crime, it does not change the character of the evidence sought to be obtained by defendant. Defendant will have the opportunity for relief if the People fail to meet the burden of proof at trial.
Thus, inspection of the alleged gambling records will serve the interests of justice since the character of the item may determine the outcome of the case (People v. Perrell, 47 Misc 2d 1024, supra).
A name discovered through police investigation, as would be the case here, is an improper subject of discovery and inspection.
It is therefore,
Ordered, that the motion for discovery and inspection of the paper or papers containing the alleged gambling records is granted, to be executed in a manner not inconsistent with this opinion, and that the motion for discovery of the name of the alleged recorder is denied.