In the Matter of ALFRED F. WIDZIEWICZ, JR., Petitioner, *v.* CHESTER H. GOLDING, as Medical Examiner of the County of Dutchess, et al., Respondents.

County Court, Dutchess County, December 30, 1966.

838

*Peter L. Maroulis* for petitioner. *John R. Heilman, Jr., District Attorney* (*Albert M. Rosenblatt* of counsel), for John R. Heilman, Jr., District Attorney, respondent. *William V. Welch, County Attorney* (*Charles O'Donnell, Jr.,* of counsel), for Chester H. Golding, respondent.

RAYMOND C. BARATTA, J. This is a special proceeding brought under article 4 of the CPLR for relief under article 17-A of the County Law. The petitioner, Alfred F. Widziewicz, Jr., is accused by the Grand Jury of Dutchess County in Indictment No. 141/66 charging him with the crime of murder in the first degree in violation of section 1044 of the Penal Law, and the crime of grand larceny in the first degree in violation of section 1294 of the Penal Law.

Petitioner, as defendant, on the 10th day of November, 1966 brought on a motion in Part II of the County Court of Dutchess County for disclosure of certain items. His motion was denied, with leave to renew his application under the applicable provisions of the CPLR. Apparently the court in that decision was referring to an application for an order pursuant to section 677 (subd. 3, par. [b]) of the County Law, although the court did not hold that petitioner was entitled to all that he desired under that section. In the course of the first motion, the District

Attorney provided the attorney for the defendant with a complete copy of the report of the autopsy performed upon the deceased, Sandra Boyster, consisting of the certificate of autopsy, protocol of post-mortem examination, report of death, and the findings of the pathologist.

Petitioner contends that the Medical Examiner of Dutchess County is required under article 17-A of the County Law to perform certain acts, where death by violent means is indicated; namely:

" 13. 1. Investigate the death of every person dying within his county which is, or appears to be, caused by criminal violence.

" 2. Go at once to the place where the body is and take charge of it.

" 3. Fully investigate the essential facts concerning the death, taking the names and addresses of as many witnesses thereto as it may be practicable to obtain, and before leaving the premises, reduce all such facts to writing.

" 4. Take possession of any portable object which, in his or their opinion, may be useful in establishing the cause or means of death.

" 5. Make or cause to be made such examinations as in his opinion are necessary to establish the cause of death or to determine the means or manner of death or to discover facts requested by the District Attorney.

" 6. Have the power to subpœna and examine witnesses under oath in the same manner as a magistrate in holding a Court of Special Sessions.

" 7. Consult with and request advice, consultation, or other assistance from any officer of a department of the state government and to request from any such person such tests, examinations, or analyses and reports with respect thereto as are necessary in his opinion, to his investigation.

" 8. File, in his office, the writings made by him at the place where he took charge of the body.

" 9. To reduce to writing and file in his office the testimony of witnesses examined before him and the report of any examination made or directed by him."

The petition further alleges:

" 14. That presumably the Medical Examiner of the County of Dutchess has performed the duties required of him by the County Law.

"15. That your petitioner is, indeed, affected by a criminal action, and is a person who has a substantial interest in the contents of the records of the Medical Examiner. Your Petitioner has been informed by his attorney that, in the event there is any truth to the charges made against your Petitioner by the Grand Jury of the County of Dutchess, he may well be subject to civil action in addition to the criminal action which has been brought against him. Thus, your petitioner respectfully submits that he falls within the classification of persons set forth in section 677 (3) (b) of the County Law, to whom copies of the Medical Examiner's records may be made available by order of the Court."

Petitioner contends that he has not received, under the pertinent provisions of article 17-A, all of the information to which he is entitled. He demands judgment awarding copies of the following:

"(a) Investigation into the cause of death of Sandra Boyster.

"(b) The names and addresses of as many witnesses to the death of Sandra Boyster as he was able to obtain.

"(c) A description of any portable object which, in his opinion, may be used in establishing the cause or means of death of said Sandra Boyster.

"(d) A complete description of the examinations and or analyses of any portable object or objects removed by said Medical Examiner, or under his authority together with the findings relating to the same.

"(e) The names and addresses of each person consulted by said Medical Examiner, pursuant to section 675 of the County Law, and a complete copy of their reports to said Medical Examiner."

"(f) A complete transcript of the testimony of witnesses examined before said Medical Examiner."

The District Attorney and the County Medical Examiner are the named respondents in this proceeding. In opposition respondents allege that petitioner is not a person entitled to make an application under section 677 (subd. 3, par. [b]) of the County Law; that respondent Medical Examiner has done all that he is required to do under the law; that the provisions of article 17-A of the County Law are inapplicable to the proceeding at bar insofar as they are in conflict with a special act of the New York State Legislature (L. 1932, ch. 376) and with an act of the Dutchess County Board of Supervisors (Res. 83-

1951); and that petitioner seeks to gain disclosure of certain items of evidence in a civil proceeding which he is not entitled to as a defendant in a criminal proceeding.

Subdivision 1 of section 670 of the County Law provides that the provisions of article 17-A of the County Law do not apply in a county where such provisions are in conflict with any special act of the Legislature applicable to such county. It would appear, therefore, that the contentions of the respondents herein are sufficient to defeat petitioner's claim for relief. Petitioner, however, argues that chapter 376 of the Laws of 1932 are unconstitutional, as such laws apply to petitioner. He contends that such laws deprive him of his equal protection under the laws and violate the due process clause of the United States Constitution. Briefly, petitioner contends that he cannot be treated under a statute in one county which deprives him of certain rights as a defendant in a criminal action to which he would be entitled in another county. It is a well-settled rule of constitutional law that a constitutional question should not be reached if a determination can otherwise be made and the legal question satisfactorily disposed of. (*O'Kane* v. *State of New York*, 283 N. Y. 439; 8 N. Y. Jur., Constitutional Law, 574, § 47.) The court is mindful of the constitutional issue raised by the petitioner herein. In reaching its decision on this petition, the court bases its opinion on its interpretation of article 17-A of the County Law and not upon a holding that the Laws of 1932 render article 17-A inapplicable.

Before reaching its decision, however, it is necessary to dispose of petitioner's contention that relief should be granted herein for the reason that petitioner did not receive a preliminary hearing. It is fundamental that an indictment supersedes all preliminary proceedings (*People* v. *Dillon*, 197 N. Y. 254; *People ex rel. Hirschberg* v. *Close*, 1 N Y 2d 258). The absence of a preliminary hearing is not a denial of due process (cf. *People ex rel. Logan* v. *McMann*, 24 A D 2d 919). It is well settled that the lack of a preliminary hearing prior to indictment does not entitle the defendant to an order permitting the inspection of the Grand Jury minutes (*People* v. *Pryor*, 283 N. Y. 623). The fact that a preliminary hearing was or was not held is likewise of no moment here.

Turning now to article 17-A of the County Law, this court holds that petitioner is not entitled to the items demanded in his prayer for relief, which he has not already received. With respect to those he has received this petition is academic.

Petitioner has been served with a copy of the autopsy report which was conducted at the direction of the Medical Examiner.

Such report indicates that the deceased was found dead with a piece of sheeting tied " extremely tightly " about the neck with a knot over the spine. The autopsy indicates that death was caused by " acute ligature strangulation, acute submucosal hemorrhage of the larynx, and acute congestion of liver, spleen and brain." Presumably the death was caused by the sheeting which was found tied about the neck of the deceased. It is also to be presumed that the Medical Examiner took possession of the sheeting following the autopsy and turned the same over to the District Attorney. Petitioner now alleges that he should receive a description of any other portable objects taken by the Medical Examiner together with copies of any examinations or analyses of any of the said portable objects and the findings relating to same. As to those objects used to establish the cause of death, petitioner already has a description. Deceased was strangled with a piece of bed sheeting. With respect to petitioner's claim that he is entitled to the reports of any examinations and/or analyses of said sheeting together with the findings relating to same, the Medical Examiner has stated that he ordered no reports, examinations or analyses. There are therefore no findings related to such reports available to petitioner. The Medical Examiner was under no statutory mandate to conduct examinations and/or analyses of whatever portable objects he may have taken into his possession. Subdivision 1 of section 675 of the County Law merely provides that the Medical Examiner has the authority, " when necessary in his opinion * * * to request from any such person such tests * * * with respect to any other matter related to his investigation." The Medical Examiner might have ordered an analysis to be had of the sheeting; however, he did not. Petitioner is therefore unable to obtain such relief in this proceeding. For the same reasons, petitioner is unable to obtain the names of all persons consulted under section 675. Even if such examinations had been made, however, this court would not have granted the relief requested in this petition for reasons which it shall state below.

Petitioner also requests that a judgment issue awarding petitioner the names and addresses of as many witnesses to the death of Sandra Boyster as he was able to ascertain and a complete transcript of the statements of any witnesses examined by the Medical Examiner. Subdivision 2 of section 674 of the County Law provides that the Medical Examiner shall fully investigate the essential facts concerning the death, taking the names and addresses of as many witnesses thereto " as it may be practicable to obtain " and before " leaving the premises

shall reduce all facts to writing." This section deals with what the Medical Examiner must do at the scene of the death. The report of the investigation conducted by the Medical Examiner at the scene is attached and made a part of the autopsy report which is now in petitioner's possession. That report indicated that the deceased was found by her husband who notified police. Deceased was pronounced dead by Doctor Robbins. Apparently there were no other witnesses at the scene of the death, except an Assistant District Attorney and several policemen. This is explainable in view of the fact that the autopsy report indicates that deceased was found a considerable time after her death. Petitioner therefore has in his possession the names of the only witnesses who were present at the time of the investigation at the scene of the death. The investigation report makes it clear that no further search for witnesses was necessary. The facts and the cause of death lead to only one conclusion, homicide. Once the cause of death was established to be criminal, the Medical Examiner, and properly so, referred the entire investigation to the District Attorney and the appropriate law-enforcement agency.

As to petitioner's claim that the Medical Examiner furnish him with transcripts of the testimony of all witnesses examined by the Medical Examiner, the same is denied. Subdivision 4 of section 674 of the County Law grants to the Medical Examiner the power to subpœna and examine witnesses under oath. In the instant case the Medical Examiner did not exercise such power. Petitioner would seem to argue that the respondent must examine witnesses under oath. That is not the case. The exercise of such power is discretionary with the Medical Examiner and should be used only when necessary to determine the cause of death. There was no such necessity in the instant case.

Petitioner's request that he be supplied with a copy of the report of the Medical Examiner's investigation into the cause of death of Sandra Boyster, is academic. This report has already been made available to petitioner.

Even if the Medical Examiner had interviewed and taken the depositions of witnesses and had obtained reports of portable objects, this court would not be constrained to award judgment for petitioner under article 17-A of the County Law. Although petitioner would like to treat the file in the office of the Medical Examiner as a public record subject to discovery without difficulty, that is not the case. Section 677 (subd. 3, par. [b]) of the County Law provides that only the District Attorney of the county has the right to inspect the records kept on file in the

844

office of the Medical Examiner. Anyone else seeking to inspect the records must apply for a court order granting an inspection. It is clear that the Legislature in enacting section 677 (subd. 3, par. [b]) guardedly withheld full and open exposure of the records of the Medical Examiner by granting only to the District Attorney the right to inspect these records and by requiring all others to apply for an order granting inspection in the court's discretion. The statute provides that an order '' may be '' made by a court of record granting the relief sought. The decision to allow inspection, therefore, lies within the sound discretion of the court. The relief provided for in article 17-A was never intended to enable a defendant in a criminal action to discover evidence by way of a civil proceeding which he would not be entitled to in the criminal proceeding against him. It is well settled that a defendant in a criminal action is not entitled to disclosure insofar as items of evidence are sought (*People* v. *Spina*, 14 A D 2d 505) nor are the statements of witnesses (*People* v. *Graziano*, 46 Misc 2d 936) obtainable by pretrial disclosure.

While this court is aware of a liberal trend in criminal cases permitting discovery of certain information by defendants, the law has not progressed to the point where the defendant is entitled to an '' unlimited and uncontrolled excursion into the file of each and every person indicted by a Grand Jury prior to the trial of an indictment,'' (*People* v. *Graziano, supra,* p. 937).

The petition is dismissed.