Ormand N. Gale, J.
The above-named defendant seeks an order grainting him leave to inspect the Grand Jury minutes upon which his indictment was based, or in the alternative, for an order dismissing the said indictment; for an order allowing *55 the defendant to inspect the premises where the alleged offense occurred, inspect the items described in the information and interview certain material witnesses.
The court has read the minutes of the Grand Jury in this case and is satisfied from reading the same that the Grand Jury, in considering all of the evidence presented before them, could find that the evidence presented was sufficient, if unexplained or uneontradictod, to enable a petit jury to convict the defendant of the crimes of burglary in the first degree and assault in the second degree beyond a reasonable doubt. (People v. Donahue, 309 N. Y. 6; Code Crim. Pro., § 251.)
Criminal intent is always a question of fact to be submitted to a jury. (People v. Wiman, 9 Misc. 441.)
At common law the courts were deemed powerless to compel disclosure of items of prosecution evidence to the accused. (People v. Stokes, 24 Misc 2d 755, 756). Then in 1927, in an opinion by Judge Cakdozo, the New York Court of Appeals held that the trial court had no power to order disclosure of notes and memoranda which would be inadmissible in evidence, but left open the question as to whether it could order disclosure of items of evidence that would be admissible. (People ex rel. Lemon v. Supreme Court, 245 N. Y. 24.) Today, however, it seems clear that a court has the discretionary power to direct discovery of items in possession of the prosecution that would be admissible in evidence. (People v. Perrell, 47 Misc 2d 1024, 1025; People v. Preston, 13 Misc 2d 802; People v. Wilson, 17 Misc 2d 349; People v. Higgins, 21 Misc 2d 94.)
Decisions which have granted pretrial inspection of evidence in the hands of the prosecution could be categorized as follows:
1. The defendant’s confession or admission. (People v. Abbatiello, 46 Misc 2d 148.)
2. Certain physical evidence, in which an examination of the prosecution’s evidence at the trial by the defendant would be inadequate by reason of the need for scientific examination and expert testimony prior thereto. (People v. Terzani, 149 Misc. 818 [fingerprints]; Matter of Hughes v. Kings County Ct., 181 Misc. 668 [ballistics]; People v. Perrell, supra, [narcotics].)
3. Certain independent scientific reports. (People v. Preston, supra [autopsy report].)
In exercising the discretion as to whether to grant discovery and inspection of the prosecution’s evidence, the courts have required that the defendant show ‘ ‘ the specific purpose for which the accused seeks discovery and inspection, his likelihood of being able to inform his counsel of its character and capabilities, whether the physical evidence tends to exculpate him, the *56 danger of giving the accused the opportunity to tailor a defense and whether or not the request is for obviously exploratory purposes.” (People v. Miller, 42 Misc 2d 794, 796. See, generally, People v. Martinez, 15 Misc 2d 821.) “Documents are not subject to inspection for the mere reason that they will be useful in supplying a clew whereby evidence can be gathered. Documents to be subject to inspection must be evidence themselves.” (People ex rel. Lemon, supra, p. 29.)
Now in the case at bar defendant was charged with the crimes of burglary in the first degree and assault in the second degree in that he ‘ ‘ broke and entered the dwelling house of the Sisters of St. Joseph at the Assumption Convent, 1115 No. Townsend Street * * * with the intent to commit therein the crime of larceny and did commit an assault upon * * * Sister Mary Lawrence * * * and * * * Sister Lucia by striking her and beating her and by casting and throwing her upon the floor with great force and violence. ’ ’
Defendant seeks inspection of a “ coat and a piece of brass rod found on the premises which apparently are supposed to have some connection with this case.”
The severity of the assault could have been ascertained by investigation on the part of counsel. No reasonable effort was made to ascertain this fact which is one of the basic elements of assault in the second degree. (People v. Lyndaker, 116 N. Y. S. 2d 195.)
Defendant claims that he has been thwarted in his attempts to interview the complainants in the case by the District Attorney who allegedly told him that “ it was not appropriate.” The Assistant District Attorney denies having given such advice and said he told her that ‘ ‘ she could talk to the defense lawyer or not, as she chose in her own discretion, but was under no compulsion to discuss the matter if she did not want to. Never was she directed not to speak to anyone.” The Assistant District Attorney further stated in his opposing papers that “ Sister Seraphica (the Mother Superior of the Convent) called your deponent very distraught over what she felt was a very rude and persistent attempt to invade the privacy of the Convent by defense counsel. She indicated that this experience has been so traumatic to the Sisters, two of whom are still under doctor’s care, that they are unable to sleep at night and do presently sleep only with lights on in the hall and open areas. She felt that in her best interest and that of the fellow Sisters that she would prefer not to discuss the matter further.”
*57 This court is constrained to deny defendant’s request for an order compelling the pretrial examination of these witnesses on the following grounds:
1. These witnesses are not under the custody and control of the prosecution. (See People v. Martinez, supra), and as such are free citizens and have the constitutional right to speak or not speak. (U. S. Const., 1st Amdt.)
2. The complaining witnesses are not parties to this action (People v. Bradford), so even in a civil case under these facts they could not be compelled to submit to any one of the numerous disclosure devices before trial. (CPLB 3101, subd. [a], par. [4]; see People v. Abbatiello, supra.) We do not feel that the movant has shown the requisite ‘ ‘ special circumstances ’ ’ to entitle him to such an order.
3. Furthermore, since it has been held that the prosecution is not obliged to furnish copies of statements obtained from any source until a witness has actually been sworn for the prosecution on trial or a hearing has been held (People v. Graziano, 46 Misc 2d 936, citing People v. Rosario, 9 N Y 2d 286 and People v. Malinsky, 15 N Y 2d 86), we feel that it follows that a defendant should not be entitled to an order compelling witnesses for the People to submit to an examination before trial (cf. Gregory v. United States, 369 F. 2d 185 and Canons of Professional Ethics, canon 39).
Defendant’s motion for an order granting him leave to inspect the premises where the alleged offense occurred, without the consent of the owner of these premises, is likewise denied. The Fourth Amendment to the United States Constitution, protecting ‘ ‘ the right of the people to be secure in their persons, houses, papers, and effects ” was adopted by our founding fathers in 1791. Its purpose was to guard against an overreaching governmental authority. It can be equally applied against a judicially ordered invasion or intrusion by a private individual, which is the case at bar. In so ruling we are not denying the defendant a fair trial. The prosecution still has the burden of proving the defendant guilty beyond a reasonable doubt (Code Grim. Pro., § 389) and if, at the trial, an inspection of the premises is warranted the court may in its discretion direct an inspection by the jury in the presence of defendant and his counsel. (Code Crim. Pro., § 411; People v. Palmer, 43 Hun 397, affd. 109 N. Y. 413.)
While “it is incumbent upon the accused to anticipate the case of the prosecution, and be prepared, as far as possible, to meet it (People v. Parkinson, 43 N. Y. S. 2d 690, 693), the defense has no right to go “ upon a tour of investigation, in *58 the hope they will find something that would aid them”. (People v. Walsh, 262 N. Y. 140, 150; People v. Gatti, 167 Misc. 545, 554.)
For the reasons indicated herein, a reading of the Grand Jury minutes fails to disclose any basis for a motion to dismiss the indictment. The motion for discovery and inspection is likewise denied in every respect.