Ormand N. Gale, J.
This is an application for a bill of particulars. Tinder Indictment No. 67-475 the defendant was charged with the crime of promoting gambling in the second degree in violation of section 225.05 of the Penal Law of the State of New York. He now demands:
“ 1. The name of the person or persons with whom the defendant, Joseph Frank Squadrito, received, registered, recorded and forwarded, and purported to receive, register record and forward moneys bet and wagered.
*846 “2. The contest of skill, speed and power of endurance for which said moneys were bet.
“3. The name of horse, if any, and the track upon which the horse was racing that said sum of money was bet or wagered by said person or persons, and the names of games of skill.”
It has long been held by the courts of this State that under a long-form indictment, such as is used in the instant case, the defendant is only entitled to receive, and the indictment is sufficient if it informs the defendant of, the nature and character of the crime charged and the period of time during which it was carried out. (People v. Spina, 14 A D 2d 505.)
While it is incumbent upon the accused to anticipate the case of the prosecution and be prepared, as far as possible to meet it (People v. Parkinson, 43 N. Y. S. 2d 690, 693), the defense is not entitled to a bill of particulars of the prosecutor’s theory of proof or the evidence which he intends to introduce (People v. Spina, supra).
This court has previously held (People v. Bradford, 54 Misc 2d 54) that the defendant is not entitled to examine the District Attorney’s file for the names of witnesses and all other matters of an evidentiary nature such as are requested in the instant case.
This court has held that where expert testimony in the hands of the District Attorney will not prejudice his case, it may be disclosed to the defendant. (People v. Carnrite, 55 Misc 2d 1087.) In other words, where it is in the interest of both sides, from the standpoint of time saving and economy, for the People’s evidence of an expert to be disclosed to the defendant, this court will enter an order accordingly. However, it has always been the holding of this court and still is the rule of the Court of Appeals that the defense has no right to go “ ‘ upon a tour of investigation, in the hope that they would find something which would aid them.’ ” (People v. Walsh, 262 N. Y. 140, 150.)
There appears to be nothing in the application before the court, except for details and evidence which would be improper. The indictment sufficiently identifies the nature and character of the crime charged and the relief requested must be denied.