John J. Walsh, J.
This is a motion for discovery and inspection under an indictment charging the defendant, together with another, with the possession and sale of marihuana. The defendant seeks to compel “ the People to disclose, and, in the case of a tangible item to produce for inspection and copying, all evidence in the possession and control of the People, or others * * * without regard to whether the evidence to be disclosed and produced is deemed admissible at the trial herein ”, including but not limited to:
1. Statements of persons interviewed by the prosecution whom it does not intend to call at the trial.
2. Memoranda of statements made by any person to the prosecution.
3. Recordings or transcriptions of such oral statements.
4. Statements of persons or memoranda of any oral statements of any person whether or not made to an agent of the People.
*312 5. The transcript of the Grand Jury testimony of all persons, whether they will or will not be called to testify at the trial.
6. Memoranda or documents used by the People during their investigation.
7. Names and addresses of all persons who may have some knowledge of the facts of the case.
8. The criminal records of all persons the People intend to call at the trial.
9. All reports and memoranda prepared by the People in connection with the investigation of the case.
10. The results of reports of any scientific tests, or copies of these reports; and finally
11. An order allowing defendant to have independent chemical analysis of the alleged marihuana.
While motions to discover and inspect are being more liberally allowed in recent years by the courts, the absence of statutory authority in this State (see Fed. Rules Crim. Pro., rule 16) presents difficulty in uniformity.
In an early case, People v. Gatti (167 Misc. 545), Judge Fkeschi began by saying: “In the absence of specific statutory provision authorizing discovery and inspection in criminal causes, the difficulty presented in all like cases is where to draw the line between granting of such relief and its denial. If the courts were to grant such a forced disclosure of the prosecution’s evidence, it is contended, with which I am in entire accord, it would subvert the whole system of criminal justice. # * * The general rule is that the accused has no right to the inspection or disclosure of evidence in the possession of the prosecution; and the courts ought not lend their aid when satisfied that a demand for inspection is merely for exploratory purposes.” (pp. 546-547).
“ The ultimate purpose of the administration of the criminal' law is to do justice, not blindly, but rather by means that are fair, and that will accomplish the purposes of the law for the protection of society. What part considerations of public policy play in these and similar cases must in a large measure depend upon the merits of the application disclosed by the moving papers, the good faith of the applicant and whether his constitutional rights are safe-guarded and protected, as well as those of the public. ” (p. 553).
We now consider the various items requested by the defense.
Items 1, 2, 3, 4, denied. The defense may not inspect statements, transcripts of interviews and memoranda of conversations of witnesses to be used in behalf of the prosecution at the trial. (People v. Graziano, 46 Misc 2d 936; People v. Giles, *313 31 Misc 2d 354; People v. Mami, 214 N. Y. S. 2d 788; People v. Higgins, 21 Misc 2d 94.)
Item 5. The transcript of the Grand Jury testimony may not be made available to the defense until the witness has testified on the trial (People v. Rosario, 9 N Y 2d 286). Denied.
Items 6, 7, 8 and 9 denied. “ The work sheets and files of an adverse party in a criminal or civil case will not ordinarily be made available to the other party.” (People v. Marshall, 5 A D 2d 352, 354, affd. 6 N Y 2d 823.)
Item 10 denied. “ The laboratory analysis * * * and the report of the police chemist are items of evidence to be relied upon by the prosecution, and are not the proper subject of a discovery and inspection. ” (People v. Perrell, 47 Misc 2d 1024, 1025.)
Item 11. The defense seeks an order allowing independent chemical analysis of the substance described in the indictments as 1 ‘ marihuana of an aggregate weight of one and more ounces ’ ’ (third count) and “ one-quarter ounce and more ” (fifth count).
The only decision that has- come to the court’s attention is People v. Perrell (supra), wherein the court permitted the defense to determine the chemical composition of the alleged marihuana.
The marihuana is the subject matter of the alleged crime and a strong case can be made for allowing a defendant to ascertain that fact. However, it is also a tangible piece of evidence which ought not be tampered with or altered in size, shape, weight or composition prior to its receipt in evidence. It is the jury in the final analysis which must make the finding of fact as to whether the substance is actually a dangerous drug in violation of the statute. The prosecution has a duty to protect and preserve its physical evidence until the time of the trial.
This presents a dilemma which a Trial Judge should not face in the absence of specific guidelines such as are provided under the Federal rules and decisions which appear to grant such testing in narcotic and dangerous drug cases.
Lander v. State (238 Ind. 680, 688), expressed it succinctly: “ If the rules of criminal procedure are to be changed to permit a discovery of this nature, it should be done by statute or a rule of this court so that the trial court might feel safe in ruling upon such a motion on the basis of the law of this jurisdiction as it existed at the time of the ruling. ’ ’
In Dagley v. State (394 S. W. 2d 179, 182) the Texas Court of Criminal Appeals said: “ Complaint is made to the court’s action in denying appellant’s motion, made before trial, requesting that the state deliver the items seized by the 'officers to *314 appellant for her inspection and analysis by a chemist of her selection. Such refusal, it is contended, violated appellant’s rights to a fair trial, as guaranteed under the due process clause of the Fourteenth Amendment to the Constitution of the United States.
“ With such contention we do not agree. We do not have in this state any statutory provision for pre-trial inspection of evidence which the state may have in its possession. ”
Apparently, the Supreme Court did not view this denial as a violation of due process, since it denied certiorari in 384 U. S. 945. This court does not view Brady v. Maryland (373 U. S. 83) as holding anything more than that the suppression by the prosecution of evidence favorable to an accused which is material either to guilt or punishment violates the due process clause.
On the other hand, this court feels that, in the interest of justice, the defense ought to be permitted to see the alleged substance and under the supervision of the prosecution to weigh it.
Criminal possession in the first degree has as one of the elements the possession of “ one or more ounces, containing any cannabis ” (Penal Law, § 220.20, subd. [b], par. [ii]).
Criminal possession in the second degree has as one of the elements the possession of “ one-quarter ounce or more, containing any cannabis ” (Penal Law, § 220.15, subd. 2, par. [b], cl. [ii]).
The weight of the substances may well determine the outcome of the case insofar as the degree of the crime is concerned.
In People v. Miller (42 Misc 2d 794, 797) Judge Marshall held in a case of abortion, that while he would not permit the defense to make tests of the instruments and substances which allegedly were used to procure a miscarriage, he would grant an order 1 ‘ to the limited extent of permitting defendants or their experts visually to examine the said instruments and/or substances. ”
In the present state of the law, this seems the safer course to follow pretrial.
The motion is granted to the limited extent of permitting defendant or her expert visually to examine the said substances alleged to be marihuana and under the supervision óf the prosecution or law enforcement agency to physically weigh the substance. In all other respects, the motion to inspect is denied.