HON. ROBERT P. WHALEN, M.D. Commissioner of Health Department of Health
This is in response to your request for an opinion as to whether or not you, as State Commissioner of Health, may obtain information in the records of coroners and medical examiners, including autopsy reports or reports of other examinations, which records are required to be kept pursuant to County Law, § 677. You question whether the power to obtain such information is given to you by the provisions of Public Health Law, §§ 4100(2) (h) or 206(1) (j).
Your letter indicates that you intend to participate in a nationwide study of the risk factors involved in sudden infant death syndrome which study will help to identify high-risk infants and thereby allow preventive measures to be taken. You state that the information in the records of coroners and medical examiners is crucial to the success of this study.
Coroners and medical examiners are required to keep records containing certain information concerning the investigation of deaths and the findings of autopsies pursuant to County Law, § 677(3) (a). Such records are required to be kept confidential pursuant to County Law, § 677(3) (b) which states:
 "Such records shall be open to inspection by the district attorney of the county. Upon application of the personal representative, spouse or next of kin of the deceased or of any person who is or may be affected in a civil or criminal action by the contents of the record of any investigation, or upon application of any person having a substantial interest therein, an order may be made by a court of record, or by a justice of the supreme court, that the record of that investigation be made available for his inspection, or that a transcript thereof be furnished to him, or both."
Two previous Attorney General opinions and one Court decision have interpreted this section and stated that the records in question are not public records and may be inspected only if the statutory procedure is followed. (1968 Atty. Gen. [Inf. Opns.] 29; 1972 Atty. Gen. [Inf. Opns.] 179; Widziewicz v. Golding, 52 Misc.2d 837, 843 [County Court, Dutchess Co., 1966].)
The Commissioner of Health is directed to prescribe and prepare the forms which the coroners and medical examiners must use for recording the information concerning the results of autopsies (Public Health Law, § 4100[2] [h]). I find nothing in this general directive to the Commissioner which exempts him from complying with the specific procedure outlined above to examine the records in question.
Public Health Law, § 206(1) (j), on the other hand, provides such authority for the Commissioner. That section authorizes him to "cause to be made such scientific studies and research which have for their purpose the reduction of morbidity and mortality * * *." In conducting such studies and research he "is authorized to receive reports on forms prepared by him * * *," with such information to be kept confidential and "used solely for the purposes of medical or scientific research * * *." This language clearly authorizes the Commissioner to receive the information contained in the records of coroners and medical examiners which is necessary for scientific or medical research, without having to go through the court proceeding referred to in the County Law. However, the information which the Commissioner is empowered to receive is limited to that information which is necessary to further scientific or medical research and does not give him limitless access to the records of coroners or medical examiners.
Therefore, I conclude that pursuant to Public Health Law, §206(1) (j), the State Commissioner of Health is empowered to obtain that information, contained in the records of coroners or medical examiners, which is necessary to further the conduct of a scientific study or research.