OPINION OF THE COURT
Thomas E. Mercure, J.
The defendants Robin Lee Casey and Stephen David Bull both move for an order pursuant to section 677 of the County Law permitting them to inspect the records of the investigation of the Warren County Coroner, Dr. Richard Spitzer, pertaining to the circumstances surrounding the death of an infant male whose body is alleged to have been found at Peggy Ann Road in the Town of Queensbury, Warren County, New York, on or about April 14,1982. The defendants also move to obtain a transcript of all portions of the coroner’s investigation.
This court issued an order to show cause dated June 15, 1982, directing that Dr. Richard Spitzer produce all records of his investigation on June 18, 1982 and further show cause why an order should not be entered pursuant to section 677 of the County Law. The records were produced, and the court has made an in camera inspection of said records.
The Honorable H. John Hendley, the Warren County District Attorney, opposes the defendants’ application on behalf of the People of the State of New York; Thomas M. *590 Lawson, Esq., Warren County Attorney, opposes defendants’ application on behalf of Dr. Richard Spitzer.
The Queensbury Police Department, on April 18, 1982, commenced an investigation into the death of an unidentified white male infant whose partially decomposed body was found by a private citizen in an area located off what is known as the Peggy Ann Road, in the Town of Queensbury, County of Warren, State of New York.
It was subsequently determined from forensic evidence that the body was that of a full-term white male infant who had been born alive; that the male infant died from other than natural causes; that the male infant was probably born during the latter part of November or the early part of December, 1981.
As a result of its continuing investigation, Robin Lee Casey and Stephen David Bull were arrested June 5, 1982 by the Queensbury Police Department and charged with murder in the second degree, in violation of subdivision 2 of section 125.25 of the Penal Law. The accusatory instruments allege, generally, that on or about December 9, 1981, Robin Lee Casey and Stephen David Bull went to the Peggy Ann Road in a van owned by Bull’s father; that while lying on a blanket, on the ground, Robin Lee Casey gave birth to a live, full-term white male child; that the child suffered a fractured skull by other than natural means; that the two defendants, knowing the child was alive, left it by the road fully aware that the child would die.
Following the arrest of the two defendants, a felony hearing was tentatively scheduled in the Town Court of the Town of Queensbury for June 21, 1982. During the adjourned period, the defendants made the motions presently before the court. The show cause order issued by the court on June 15, 1982 stayed the felony hearing and any presentment to a Grand Jury, pending a determination of the issues herein.
Section 677 (subd 3, par [b]) of the County Law, provides as follows: “Such records shall be open to inspection by the district attorney of the county. Upon application of the personal representative, spouse or next of kin of the de *591 ceased to the coroner or the medical examiner, a copy of the autopsy report, as described in subdivision two of this section shall be furnished to such applicant. Upon proper application of any person who is or may be affected in a civil or criminal action by the contents of the record of any investigation, or upon application of any person having a substantial interest therein, an order may be made by a court of record, or by a justice of the supreme court, that the record of that investigation be made available for his inspection, or that a transcript thereof be furnished to him, or both.”
The section thus provides: “Upon proper application of any person who is or may be affected in a * * * criminal action by the contents of the record of any investigation, an order may be made * * * by a justice of the supreme court”.
The People and Dr. Spitzer argue that the defendants are not “affected” persons within the meaning of the law because they are charged by felony complaints which, pursuant to CPL 1.20 (subd 8), cannot be the basis for prosecution. The People and Dr. Spitzer argue further that discovery pursuant to CPL article 240 is not available to the defendants until after indictment. The People and Dr. Spitzer do acknowledge that the discovery of scientific reports is available to defendants after indictment.
The issue thus framed is whether the defendants may obtain the requested material pursuant to subdivision 3 of section 677 of the County Law at this time, for use at the felony hearing, or must wait until they are first indicted and proceed by way of CPL article 240?
CPL 180.10 (subd 2) provides that the defendant has a right to a prompt hearing upon the issue of whether there is sufficient evidence to warrant the court in holding him for action of a Grand Jury after a felony complaint has been filed. The purpose of a preliminary hearing is a limited one, to establish reasonable cause to believe that a defendant has committed a felony. (People v Beal, 57 AD2d 306.)
Although the preliminary hearing serves a limited function, it is an important one. It is mandated by CPL 180.10 (subds 2, 4) that a defendant be properly advised upon *592 arraignment before a local criminal court of his rights to a preliminary hearing.
Because the defendants cannot be tried on the basis of the felony complaints, does it logically flow that they are not “affected” persons within the purview of subdivision 3 of section 677 of the County Law? This court opines that it does not. Both defendants are charged with the felony of murder in the second degree. They have been arraigned, and the press has reported the charges. They have been released on $25,000 bail each. The fact that the People have chosen to proceed by way of felony complaint rather than by way of a direct presentment to a Grand Jury, resulting in an indictment, does not make them any less “affected”.
Both defendants have requested a transcript of all portions of the coroner’s investigation. The People and Dr. Spitzer argue that the defendants “are entitled to only that portion or portions of the Coroner’s Report containing the clinical/pathological findings made during the actual autopsy,” if they are entitled to anything.
The contents of the autopsy report are defined in subdivision 2 of section 677 of the County Law as follows: “The report of any autopsy or other examination shall state every fact and circumstance tending to show the condition of the body and the cause and means or manner of death. The person performing an autopsy, for the purpose of determining the cause of death or means or manner of death, shall enter upon the record the pathological appearances and findings, embodying such information as may be prescribed by the commissioner of health, and append thereto the diagnosis of the cause of death and of the means or manner of death. Methods and forms prescribed by the commissioner of health for obtaining and preserving records and statistics of autopsies conducted within the state shall be employed. A detailed description of the findings, written during the progress of the autopsy, and the conclusions drawn therefrom shall, when completed, be filed in the office of the coroner or medical examiner” (emphasis added).
This court, in its discretion, will grant defendants’ motions to the extent that they are entitled to a transcript of *593 the coroner’s investigation containing the clinical/pathological findings made during the actual autopsy. (See Matter of Silver v Sobel, 7 AD2d 728; Welz v Commercial Travelers Mut. Acc. Assn. of Amer., 266 App Div 668; Matter of Widziewicz v Golding, 52 Misc 2d 837.)
So that there is no confusion as to what is meant by clinical/pathological findings, the People and Dr. Spitzer shall provide:
(1) A transcript of the Warren County Coroner’s investigation, deleting section 10: Notes, comments and followup.
(2) A transcript of the “Postmortem Record” of the Bender Hygienic Laboratory, deleting:
(A) comment and what follows on page 5 and page 6.
(B) comment on page 7.
(3) A transcript of the “Report of X-Ray Examination”.
This is without prejudice to defendants’ rights of discovery pursuant to CPL article 240.