■ In the Matter of ROBERT R. DIAZ, Appellant, v LESLIE LUKASH, as Chief Medical Examiner of Nassau County, Respondent. [600 NYS2d 94] —In a special proceeding pursuant to CPLR article 4 to compel Leslie Lukash, the Chief Medical Examiner of Nassau County, to make available certain au-

topsy reports pursuant to County Law § 677 (3) (b), the petitioner appeals from a judgment of the Supreme Court, Nassau County (Burke, J.), dated October 23, 1992, which denied the application.

Ordered that the judgment is affirmed, with costs.

The petitioner, a nurse, was convicted in California and sentenced to death for the murders of 12 hospital patients who died of overdoses of lidocaine. The petitioner made an application for the records of the Nassau County Medical Examiner regarding the study of 140 Nassau County decedents and the toxicity of lidocaine. He alleged that this information was essential to his pending habeas corpus proceeding.

The Supreme Court, Nassau County, denied his application on the ground that he did not demonstrate that his interest in the records was sufficiently substantial to overcome the need to maintain the confidentiality of the records. We affirm.

County Law § 677 (3) (b) provides in pertinent part: "Upon proper application of any person who is or may be affected in a civil or criminal action by the contents of the record of any investigation, or upon application of any person having a substantial interest therein, an order may be made by a court of record, or by a justice of the supreme court, that the record of that investigation be made available for his inspection, or that a transcript thereof be furnished to him, or both".

The petitioner has no direct and personal interest with respect to the individuals whose records he seeks *(see, Matter of Central Gen. Hosp. v Lukash,* 140 AD2d 113, *affd* 74 NY2d 619; *cf., People v Casey,* 114 Misc 2d 589; *Matter of Widziewicz v Golding,* 52 Misc 2d 837 [where the records sought were those of the alleged victims]). Further, he is under no legal obligation to maintain the confidentiality of the information contained in the records *(see, Herald Co. v Murray,* 136 AD2d 954). We find that these circumstances do not warrant the exercise of the court's discretion in favor of disclosure to the petitioner because it would undermine the legislative concern for confidentiality, as reflected in the statute. Rosenblatt, J. P., Copertino, Santucci and Joy, JJ., concur.